UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____ X

Victor Cuoco                                                                Case No. 13-cv-06592
                                                                                    (JLL)(MAH)
                                          Plaintiff

 -against-

Palisades Collection, L.L.C. and
Pressler & Pressler, LLP

                                       Defendants
_____X


MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO SUBSTITUTE PLAINTIFF
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25


**Return Date:  January 21, 2013**


Paul Mauro, Esq.
Paul Mauro, LLC
529 West 42 St. #3
New York, NY 10036
(917) 536-1719

## **TABLE OF CONTENTS**

**I.  PRELIMINARY STATEMENT**……………………………………………  1

**II. PROCEDURAL HISTORY** …………………………………………….. 2

**III. SUBSTITUTION SHOULD BE PERMITTED** …..………………………… 2

**IV. CONCLUSION** ………………………….………………………….. 7

**TABLE OF AUTHORITIES**

**Statutes**

Federal Rule of Civil Procedure 25 ………………………………….… 2

N.J. Stat. § 2A:15-3 (2013) ..…………………………………………… 4

Fair Debt Collection Practices Act,
15 USC 1692 et seq. ……………………………………………………… 1, 4

**Cases**

*Bracken v. Harris & Zide, L.L.P.*,
219 F.R.D. 481 (N.D. Cal. 2004) ………………………………………….. 4

*Cruz v. Int'l Collection Corp.*,
673 F.3d 991, 996 (9th Cir. Cal. 2012)…………………………………….. 4

*Canino v. New York News, Inc.*,
96 N.J. 189, 195 (N.J. 1984)……………………………………………….. 4

*Hawes v. Johnson & Johnson*,
940 F. Supp. 697, 700 (D.N.J. 1996) ……………………………………… .4, 6

*Heath v. Martin*,
2012 U.S. Dist. LEXIS 23891, 6-8 (M.D. Pa. Feb. 24, 2012) ……………. 5

*Jewett v. Bishop, White, Marshall, and Weibel, P.S.*, et,
12 CV 10142 (CD California, February 25, 2013) ………………………. 5

*Mason v. Asset Acceptance, LLC*,
2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007) …………….. 4

*McFarland v. Miller*,
14 F.3d 912, 917-918 (3d Cir. N.J. 1994) ………………………………… 4

*Rocco v. Bickel*,
2013 U.S. Dist. LEXIS 110321 (M.D. Pa. July 9, 2013) …………………. 5

*Saylor v. Bastedo*,
623 F.2d 230, 237 (2d Cir. N.Y. 1980) …………………………………… 3

## I. PRELIMINARY STATEMENT

Plaintiff filed this action under the Fair Debt Collection Practices Act, 15 USC 1692 et seq. because the Defendant debt collectors engaged in a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt that had already been paid. The Defendants' actions include threatening the Plaintiff with arrest; attempting to levy on the real property of the Plaintiff's parents; attempting to levy Plaintiff's bank account; threatening Plaintiff with garnishment; and improperly adding money to the alleged debt. Plaintiff has committed no crimes, and was certainly not subject to arrest.

The Defendants' actions caused the Plaintiff to be hospitalized for heart failure. Plaintiff alleged that he suffered the following damages: the fear of being arrested; heart failure; mental anxiety; emotional suffering; worry; humiliation; weight gain; sleeplessness; mental distress; physical pain; and other emotional distress; along with pre-litigation costs.

Plaintiff alleged, and review of the Pacer filing system confirms, that Defendants are debt collectors who have been sued hundreds of times in Federal Court for abusive and deceptive debt collection.

On September 27, 2013, the Plaintiff died.

The Plaintiff's parents, Betty Cuoco and Victor Cuoco now seek to continue this litigation as a substitute for their deceased son. As the attached affidavits

confirm, Plaintiff lived with his parents, did not have a will, was not married, and had no children. As detailed below, the Plaintiff's parents are clearly the correct substitutes under Rule 25.

## II. PROCEDURAL HISTORY

On July 31, 2013, Victor Cuoco Jr. filed this action in the United States District Court for the Southern District of New York. Victor Cuoco died on September 27, 2013. On October 23, 2013, a suggestion of death was filed with the Court. On October 24, 2013, the case was transferred to the District of New Jersey.

## III. SUBSTITUTION SHOULD BE ALLOWED

Federal Rule of Civil Procedure 25 states:

(a) Death.
(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed

This motion is timely in that it has been filed within 90 days of the filing the suggestion of death. While the text of Rule 25 appears to give the Court discretion as to whether to allow substitution, Courts have noted the rare circumstances where

2

a timely made motion should be denied. In *Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. N.Y. 1980), the Court stated:

> Although neither the language of the rule nor the Advisory Committee's discussion expressly limits the court's discretion to substitution of the representative of a deceased defendant, it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits. The principal reason for such a discretionary denial is to promote the prompt settlement and distribution of the estate of deceased defendants. Thus, in *Anderson v. Yungkau*, 329 U.S. 482, 485, 67 S. Ct. 428, 430, 91 L. Ed. 436 (1947), the Supreme Court observed of the then-current Rule 25(a), which required a motion for substitution to be made within a rigid, two-year period after a party's death, that even within that period the court might deny substitution for a party when the settlement and distribution of an estate were so far advanced as to warrant discretionary denial. But it scarcely lies in the mouth of a defendant to argue that substitution sought by the executors of a plaintiff in the hope of a recovery that might enlarge the estate should be denied because the burden of reopening the estate, which the applicant for substitution cheerfully seeks to assume, would be too great. Rights of defendants to protection against undue delay are safeguarded by F.R.Civ.P. 41(b); they do not merit further enlargement on the fortuitous death of a plaintiff and the consequent need of substitution under F.R.Civ.P. 25(a)(1). Perhaps this is one reason why the opinion below appears to be the only reported instance in which a timely motion to substitute has been denied on the ground that the court, in its discretion, has determined that substitution would be unfair. See 7A Wright & Miller, Federal Practice and Procedure, § 1955, at 660 (1972) & 1979 Pocket Part § 1955, at 309-10.

The proposed substitutes are the next of kin of the deceased Plaintiff, and are the ultimate distributes of the Plaintiff's assets. (See attached Affidavits of proposed substitutes) The deceased Plaintiff made claims under the Fair Debt Collection Practices Act, 15 USC 1692 et seq. in which he sought to recovery for

not only the statutory damages provided under the Act, but also actual damages caused by Defendants. These claims and the damages sought are ultimately the property of the proposed substitutes. Indeed Courts generally permit substitution of Plaintiffs in cases brought under the Fair Debt Collection Practices Act, (15 USC 1692). See: *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481 (N.D. Cal. 2004)(containing a detailed discussion of nature of FDCPA damages provisions); *Mason v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007); *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 996 (9th Cir. Cal. 2012)(issuing an order regarding FDCPA case after Plaintiff was substituted); *Jewett v. Bishop, White, Marshall, and Weibel, P.S.*, et, 12 CV 10142 (CD California, February 25, 2013). The Court should also note that New Jersey law specifically provides that tort claims survive a Plaintiff's death. N.J. Stat. § 2A:15-3 (2013); *Canino v. New York News, Inc.*, 96 N.J. 189, 195 (N.J. 1984); *McFarland v. Miller*, 14 F.3d 912, 917-918 (3d Cir. N.J. 1994); *Hawes v. Johnson & Johnson*, 940 F. Supp. 697 (D.N.J. 1996).

      The Court should also note that the proposed substitutes need not be the formal administrators or executors of the deceased estate. This point was clearly made in another FDCPA case in which the Plaintiff died. The Court in *Mason v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007) stated:

      25(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part: "If a party dies and the claim is not [*5] thereby extinguished, the court may order substitution of the proper parties." Defendant contends that the Court should not have allowed substitution of Ms. Walkuski for Ms. Sewell on the grounds that she is not a "proper party" under Rule 25 because she has not been appointed executor of Ms. Sewell's estate. Courts, however, have stated that a party need not necessarily be appointed administrator or executor of the decedent's estate in order to be substituted as a party as long as the substitute is a distributee of the estate. *Sinito v. United States Dept. of Justice*, 336 U.S. App. D.C. 86, 176 F.3d 512, 516 (D.C.Cir. 1999). In *Hardy v. Kaszycki & Sons Contr., Inc*., 842 F. Supp. 713 (S.D.N.Y. 1993), the district court permitted the decedent's wife to be substituted as party under Rule 25, even though she had not formally been appointed his executor, where he died intestate and there was no dispute that the wife was the primary distributee of his estate. Id. at 716-17. This case is the same as Hardy in all important respects. Ms. Sewell died intestate and with no assets. Defendant does not dispute Ms. Kalkuski's assertion that she is Ms. Sewell's closest living heir, and thus the sole distributee of the estate. The Court sees no value in requiring Ms. Kalkuski to go through the process of being formally appointed Ms. Sewell's executor for the sole purpose of achieving what at best amounts to mere technical compliance with Rule 25. Conversely, the Court sees no prejudice to Defendant, and none is claimed, if Ms. Kalkuski is substituted for Ms. Sewell without a formal appointment as the executor of her estate.

Court's in this Circuit also follow this approach to Rule 25. See, *Rocco v. Bickel*, 2013 U.S. Dist. LEXIS 110321 (M.D. Pa. July 9, 2013); and *Heath v. Martin*, 2012 U.S. Dist. LEXIS 23891, 6-8 (M.D. Pa. Feb. 24, 2012). The recent FDCPA case of *Jewett v. Bishop, White, Marshall, and Weibel, P.S*., et, 12 CV 10142 (CD California, February 25, 2013)(attached), is also helpful to this analysis as it contained similar facts. In *Jewett,* the Plaintiff wife was harassed by a debt collector and she filed an FDCPA action against the debt collectors. While the case

5

was pending, the Plaintiff died, and her husband ultimately sought to be substituted. The Court ruled:

> Finally, Mr. Jewett is a proper party for substitution. Rule 25(a)(1) only requires that Plaintiff provide evidence that Mr. Jewett is decedent's successor in interest or legal representative. See *Hilao v. Estate of Marcos*, 103 F. 3d 762, 766 (9th Cir. 1996)(applying 25(a)(1) to the legal representatives of the deceased's estate); *Mallonee v. Fahey*, 200 F. 2d 918, 919 (9th Cir. 1952) ("It is plain…that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of provision and in the cases construing it." (footnote omitted)). Defendant argues that Mr. Jewett is not a "legal representative"; however, Mr. Jewett submitted a declaration establishing that he is the sole distributee of Decedent's estate. Jewett Decl. 3. Mr. Jewett is, therefor, the proper substituted party. See *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (citation omitted) (substitution is proper where one alleges to be the sole distributee of decedent's estate).

*Jewett,* at 4 (attached)

The Court should further note that while the Defendants may allege that Plaintiff's claims are not meritorious, or that the substitutes will not be able to prove the allegations, Rule 25 does not obligate the substitute to prove the claims in order to be substituted. *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 700 (D.N.J. 1996) While the proposed substitutes will in fact be able to prove the allegations, the Court should note that discovery has not yet even began.

The proposed substitutes here are not only the Plaintiff's next of kin, but they are also the people in the best position to continue this litigation, and are the

sole distributes of the Plaintiff's assets. They are the clearly the correct and prudent substitutes.

**V. CONCLUSION**

      This motion is timely under Rule 25. The Plaintiff's claims survive his death. The proposed substitutes are the next of kin and sole distributes under New Jersey laws of intestacy.  Betty Cuoco and Victor Cuoco, Sr. move the Court for an order substituting them in their capacity as substitutes for their deceased son Victor Cuoco, Jr., as plaintiffs in this action.


Dated: December 27, 2013                       S/ **Paul Mauro, Esq**.
      New York, NY                           Paul Mauro, LLC
                                                      529 West 42 St. #3N
                                                      New York, NY 10036
                                                       (917) 536-1719
                                                        paulmaur@gmail.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

CIVIL MINUTES - GENERAL

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:    (In Chambers) Order GRANTING *Ex Parte* Motion to Substitute James Jewett, the Sole Distributee of Jodie Jewett's Estate, as Plaintiff**

Before this Court is an *Ex Parte* Motion to Substitute James Jewett, the sole distributee of Jodie Jewett's Estate, as Plaintiff. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); Local R. 7-15. Based on the motion, opposition, and reply, the Court GRANTS the motion.

I.    Background

Jodie Jewett (the "Decedent") filed a Complaint on November 28, 2012, alleging that Defendant Bishop, White Marshall & Weibel, P.S. ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and Telephone Consumer Protection Act ("TCPA"); and that Defendant was liable for intrusion upon seclusion and negligence. *Compl.* ¶¶ 43-88. Defendant filed an Answer to the Complaint on February 1, 2013. Dkt. # 20. The Decedent passed away on February 2, 2013. *Mot.* 2:24.

The Decedent's attorney, Andre Verdun, filed this motion to substitute James Jewett ("Mr. Jewett"), the sole distributee of the Decedent's estate, as plaintiff. Mr. Jewett attached a declaration indicating that he is the sole distributee of the Decedent's estate and requests to be substituted as the plaintiff in this matter. *See Jewett Decl.*, ¶¶ 1, 3. Defendant has opposed the motion only to the extent that James Jewett is substituted in his individual capacity. *Opp.* 2:8-11. Defendant does not object to James Jewett being substituted as a representative of the estate but objects to Mr. Jewett being substituted as a Plaintiff. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

CIVIL MINUTES - GENERAL

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

II.  Discussion

    A.   Compliance with Local Rules

Under Local Rule 6-1, "every motion shall be presented by written notice of motion." L.R. 6-1. Here, Mr. Verdun failed to notice the motion. Mr. Verdun also failed to "advise the Court in writing and *under oath* of efforts to contact other counsel and whether any counsel, after such advice, opposes the application." L.R. 7-19.1 (emphasis added). Additionally, Mr. Verdun failed to file a proposed order. L.R. 7-20. Counsel is advised that strict compliance with the Local Rules is required and counsel is expected to adhere to the Local Rules in the future.

    B.   *Ex Parte* Relief

*Ex parte* applications in the Central District are governed by the procedural requirements of the Local Rules, as well as the substantive standards set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (holding that a party requesting *ex parte* relief must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect).

Mr. Verdun alleges that *ex parte* relief is warranted because Decedent's substituted representative, if any, must file its amended complaint within 21 days of Defendant's responsive pleading, which it cannot do if the Court does not substitute a plaintiff. *See* Fed. R. Civ. P 15(a). Under the 2009 Amendment to the Federal Rules of Civil Procedure, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant served its Answer on February 2, 2013. Accordingly, an amended Complaint would be due by February 23, 2013. Thus, *ex parte* relief is proper because Decedent's substituted representative would potentially be prejudiced if unable to serve an amended Complaint, and Decedent's substituted representative is without fault in creating the crisis that requires *ex parte* relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

    C.    <u>Motion to Substitute</u>

    Mr. Verdun brings this Motion seeking to substitute Mr. Jewett for the Decedent. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Thus, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party. *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, *1 (N.D. Cal. July 17, 2008).

    The motion to substitute is timely. Before a statement of death becomes effective, certain procedural rituals must be observed. *See* Fed. R. Civ. P. 25(a)(1). Specifically, Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The first step is to formally suggest the death of the party upon the record. *Id.* The second step is to serve other parties and nonparty successors or representatives of the deceased with a statement of death in the same manner as required for service of the motion to substitute. *Id.*

    While there is no formal statement of death on the record in this case, the policy behind the Rule 25 requirement that nonparties be served with a suggestion of death is for the protection of interested parties who may otherwise be unaware of the need to preserve the decedent's claims. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Here, Mr. Jewett is aware of the Decedent's passing. Other courts have recognized that where a decedent's successor-in-interest files a motion to substitute on his behalf, the 90 day period begins to run at that time. *Schalow v. San Bernadino County*, 191 F.3d 461, 462 (9th Cir. 1999). Accordingly, the ninety day period has not yet expired, which neither party disputes.

    Also, the claims pleaded are not extinguished. The Decedent asserted claims under the FDCPA, RFDCPA, and TCPA. She also asserted claims for intrusion upon seclusion and negligence. The Ninth Circuit has recognized that claims under the FDCPA survive the plaintiff. *Cruz Int'l Collection Corp.*, 673 F.3d 991, 996 (9th Cir. 2012) (issuing an order regarding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#22

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

FDCPA after plaintiff was substituted). Having determined that at least one of Decedent's claims survives her death, Rule 25(a)(1) is applicable. Defendant objects to Mr. Verdun's Reply brief on the basis that Mr. Verdun raised for the first time in the Reply papers that the Decedent's claims survive her. However, because Mr. Verdun argued in the Motion that substitution under Rule 25 was proper and Defendant criticized the motion to substitute for failing to show that the claims survived the Decedent, the Court finds *Cruz* helpful. Defendant had the opportunity to explain in its Opposition that the requirements for Rule 25 were not met. Instead of citing authority to show that the claims do not survive the Decedent, Defendant summarily argued that this type of inquiry cannot be resolved with an *ex parte* motion.

Finally, Mr. Jewett is a proper party for substitution. Rule 25(a)(1) only requires that Plaintiff provide evidence that Mr. Jewett is decedent's successor in interest or legal representative. *See Hilao v. Estate of Marcos,* 103 F.3d 762, 766 (9th Cir. 1996) (applying 25(a)(1) to the legal representatives of the deceased's estate); *Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952) ( "It is plain ... that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it." (footnote omitted)). Defendant argues that Mr. Jewett is not a "legal representative"; however, Mr. Jewett submitted a declaration establishing that he is the sole distributee of Decedent's estate. *Jewett Decl.* ¶ 3. Mr. Jewett is, therefore, the proper substituted party. *See Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) (citation omitted) (substitution is proper where one alleges to be the sole distributee of the decedent's estate).

Accordingly, because the Decedent's FDCPA claim survives her death and because the sole distributee of Decedent's estate, Mr. Jewett, has met the requirements of Rule 25(a), the Court grants the motion for substitution. As a substituted party, Mr. Jewett "steps into the same position as the original party." *Hilao*, 103 F.3d at 766.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS the Motion to Substitute. Although the deadline to amend the Complaint has passed, given Plaintiff's efforts to timely amend the complaint, the Court grants Plaintiff leave until **March 18, 2013**, to amend the complaint.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#22**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10142 PSG (MRWx) | Date | February 25, 2013 |
|---|---|---|---|
| Title | *Jodie Jewett v. Bishop, White Marshall & Weibel, P.S., et al.* | | |

:

Initials of Preparer