**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**Victor Cuoco**

**Plaintiff**

**-against-**

**Palisades Collection, L.L.C. and**
**Pressler & Pressler, LLP**

**Defendants**

**Case No. 13-cv-06592 (JLL)(MAH)**

**MEMORANDUM OF LAW**
**IN REPLY TO DEFENDANTS' OPPOSITION TO**

**MOTION TO SUBSTITUTE PLAINTIFF**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25**

Paul Mauro, Esq.
Paul Mauro, LLC
529 West 42 St. #3
New York, NY 10036
(917) 536-1719

# TABLE OF CONTENTS

**Introduction** …………………………………………………………….. 1

**I. Rule 25** …………………….…………………………………………… 1

**II. Defendants Recitation of Procedural History and Facts** ……………...... 3

**III. Plaintiff's Claims Survive** ………………………………………….. 4

**IV. No Estate Need be Formed** …..………………………………….. 7

**V. Defendants' "Defective" Suggestion of Death**

**Theory is Wrong** ……………………………..………………..……. 11

**Conclusion** ……………………………………………………………… 14

# CITATIONS

## Statutes

N.J. Stat. § 2A:15-3 (2013); …………………………………………………………..… 6

## Cases

*Acebal v. United States*,
60 Fed. Cl. 551 (Fed. Cl. 2004); ……………………………………………………….... 5

*Allen v. Devine*,
2011 U.S. Dist. LEXIS 123681 (E.D.N.Y. Oct. 25, 2011); ……………………………….. 4

*Barlow v. Ground*,
39 F.3d 231, (9th Cir. Cal. 1994); …………………………………………………..12

*Boggs v. Dravo Corp.*,
532 F.2d 897 (3d Cir. Pa. 1976); ……………………………………………………….1

*Bracken v. Harris & Zide*, L.L.P.,
219 F.R.D. 481 (N.D. Cal. 2004); ……………………………………………………….5

*Canino v. New York News, Inc.*,
96 N.J. 189, 195 (N.J. 1984);……………………………………………………………6

*Caprio v. Healthcare Revenue Recovery Group, LLC*,
709 F.3d 142, (3d Cir. N.J. 2013); ……………………………………………………….5

*Christy v. EOS CCA*,
905 F. Supp. 2d 648, (E.D. Pa. 2012);…………………………………………….. 5

*Corbin v. Blankenburg*,
39 F.3d 650, (6th Cir. Mich. 1994); ………………………………………………. 4

*Dolgow v. Anderson*,
45 F.R.D. 470, (E.D.N.Y. 1968); ………………………………………………… 8

*Duchow v. New York State Teamsters Conference Pension & Retirement Fund*,
691 F.2d 74, 78 (2d Cir. 1982); ……………………………………………………… 5

*Ex parte Schreiber*,
110 U.S. 76 (1884); ……………………………………………………………… 5

*Gager v. Dell Fin. Servs., LLC*,
727 F.3d 265 (3d Cir. Pa. 2013); ……………………………………………… 5

*Giles v. Campbell*,
698 F.3d 153 (3d Cir. Del. 2012); ........................................................ 12

*Hanna v. Plumer*,
380 U.S. 460, (U.S. 1965); ........................................................................ 8

*Hawes v. Johnson & Johnson*,
940 F. Supp. 697 (D.N.J. 1996); ........................................................... 6

*Hardy v. Kaszycki & Sons Contractors*,
842 F. Supp. 713 (S.D.N.Y. 1993); ........................................................ 1,7,8

*James v. Home Constr. Co.*,
621 F.2d 727 (5th Cir. Ala. 1980); ........................................................ 5

*Jeter v. Credit Bureau, Inc.*,
760 F.2d 1168, 1178 (11th Cir. 1985); ................................................... 5

*Jewett v. Bishop, White Marshall & Weibel, P.S.*,
2013 U.S. Dist. LEXIS 181608 (C.D. Cal. Feb. 25, 2013) ........................... 4, 5, 7, 8, 12

*Kasting v. American Family Mut. Ins*. Co.,
196 F.R.D. 595, 599 (D. Kan. 2000); .......................................................12

*Mason v. Asset Acceptance, LLC*,
2007 U.S. Dist. LEXIS 57162 (S.D. Ohio July 9, 2007); ............................... 4, 6, 7

*McFarland v. Miller*,
14 F.3d 912 (3d Cir. N.J. 1994); ............................................................ 6

*McKenna v. Pacific Rail Serv.*,
32 F.3d 820, 836 (3d Cir. N.J. 1994); ..................................................... 8

*Miles, Inc. v. Scripps Clinic & Research Found.*,
810 F. Supp. 1091 (S.D. Cal. 1993);......................................................... 8

*Morse v. Kaplan*,
468 Fed. Appx. 171 (3d Cir. N.J. 2012); .................................................. 5

*Peter Bay Owners Ass'n v. Stillman*,
205 F.R.D. 454, 457 (D.V.I. 2002); ......................................................... 4

*Quinstreet Inc. v. Parallel Networks, LLC*,
2009 U.S. Dist. LEXIS 45389 (D. Del. May 28, 2009); ................................ 4

*Ransom v. Brennan*,
437 F.2d 513 (5th Cir. Tex. 1971); ......................................................... 4

*Rocco v. Bickel*,
2013 U.S. Dist. LEXIS 110321 (M.D. Pa. July 9, 2013); ............................... 1

*Roe v. City of New York*,
2003 U.S. Dist. LEXIS 20705 (S.D.N.Y. Nov. 19, 2003);...............................4

*Servidone Constr. Corp. v. Levine*,
156 F.3d 414 (2d Cir. 1998); ....................................................................8

*Smith v. No. 2 Galesburg Crown Fin. Corp.*,
615 F.2d 407 (7th Cir. 1980); ................................................................... 5

*Sponaugle v. First Union Mortg. Corp.*,
40 Fed. Appx. 715 (3d Cir. Pa. 2002); ............................................................ 5

*Torres Torres v. Bayer Corp. (In re Baycol Prods. Litig.)*,
616 F.3d 778, 783 (8th Cir. Minn. 2010); ........................................................1

*Unicorn Tales v. Banerjee*,
138 F.3d 467 (2d Cir. N.Y. 1998); ............................................................... 11

*United States ex rel. Colucci v. Beth Israel Med. Ctr.*,
603 F. Supp. 2d 677 (S.D.N.Y. 2009); ............................................................ 4

*United States ex rel. Neher v. NEC Corp.*,
11 F.3d 136 (11th Cir. 1994); ................................................................... 5

*Walters v. Cowpet Bay W. Condo. Ass'n*,
2013 U.S. Dist. LEXIS 83752 (D.V.I. June 14, 2013); ........................................... 5

*Wright v. Finance Serv.*,
22 F.3d 647 (6th Cir. 1994); .................................................................... 5

## Introduction

Defendants' opposition essentially makes three arguments: The Plaintiff's federal claims do not survive Plaintiff's death; the proposed substitutes don't have standing to bring a claim under the Federal Fair Debt Collection Practices Act; and the "Suggestion of Death" filed October 23, 2013 was "defective." It is very respectfully submitted that all three of these theories are erroneous and/or irrelevant.

## I. <u>Rule 25</u>

Rule 25 was intended to alleviate the inflexibility of substitution so as to make substitution easier. *Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. Pa. 1976)("Rule 25(a) was amended to its present form in 1963. n8 The amendments made were intended to liberalize the Rule and to allow flexibility in substitution of parties."). Removing formal estate requirements and allowing easy substitution is precisely what the amendments to Rule 25 were intended to address. *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 717 (S.D.N.Y. 1993); *Rocco v. Bickel*, 2013 U.S. Dist. LEXIS 110321 (M.D. Pa. July 9, 2013)("…a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate. Id. Rather, the purpose of Federal Rule of Civil Procedure 25 is to allow more flexibility in substitution.") Pointing to the advisory

committee notes to Rule 25, the Eleventh Circuit in *Torres Torres v. Bayer Corp. (In re Baycol Prods. Litig.)*, 616 F.3d 778, 783 (8th Cir. Minn. 2010) recently noted:

> This court has noted, "The decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves." *Froning's, Inc.v. Johnston Feed Serv., Inc*., 568 F.2d 108, 110 n.4 (8th Cir. 1978). However, the Advisory Committee on the 1963 amendments to Fed. R. Civ. P. 25 intended that motions to substitute be freely granted. See Fed. R. Civ. P. 25, advisory committee note of 1963 ("A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death . . . and circumstances have arisen rendering it unfair to allow substitution.").

It is hard to imagine any reason why the proposed substitutes in the instant matter, the deceased Plaintiff's mother and father, should not be deemed proper representatives to continue this case under Rule 25. Not only do they obviously have their child's best interest at heart, but ultimately they would be the beneficiaries of any proceeds from this action. As Defendants' point out in their memo in opposition, proper substitutes under Rule 25 need not even be related to the Plaintiff. (Defendant's Memo page 10)   But here, the substitutes bring this added benefit; they are in fact the deceased plaintiff's closest relatives.  So, not only do these substitutes have financial incentive to litigate this case, but they have the moral incentive to enforce their deceased son's rights. It is hard to imagine what additional "qualifications" a proposed substitute would need.  It is

respectfully submitted that Defendants have not raised any reason why Plaintiffs' parents should be denied the right to be Plaintiff's "representative" pursuant to Rule 25.

Additionally, although Rule 25 clearly does not require such, Betty Cuoco has already submitted to the New Jersey Surrogates Court the documents necessary to be named administrator of the Plaintiff's estate for the purpose of continuing this lawsuit. It appears likely that the New Jersey surrogates Court has already appointed Mrs. Cuoco as the administrator for the sole purpose of proceeding with this lawsuit. The approval document is quite literally was expected in the mail today, or within the next couple of days. (See ***Affidavit or Mrs. Cuoco and Mr. Cuoco***)

## II. <u>Defendants Recitation of Procedural History and Facts</u>

As has been described in the Complaint and the original Memo in support of this motion, this case revolves around the Defendants' allegedly illegal attempts to collect a debt from Plaintiff that Plaintiff had already paid, and the damages Defendants' caused. Defendants' Memo of Law indicates that the Plaintiff did not have documentation proving that he paid the debt. That is not accurate. Attached hereto as **Exhibit A** are documents clearly showing that the alleged debt was settled long ago.

**III. <u>Plaintiff's Claims Survive</u>**

The Defendants' primary argument is that the proposed substitutes do not have standing under the FDCPA because they are not "consumers" as defined under the FDCPA. This argument misses the point however, because the proposed substitutes have not alleged claims of their own. They are moving the Court under Rule 25 for permission to "stand in the shoes" of their deceased son. Defendants' argument about "standing" under the FDCPA is completely irrelevant. It is axiomatic that substitutes under Rule 25 need not assert claims of their own; substitutes under Rule 25 are continuing the claims (or defenses) of the original litigant. Pointing to the long standing case law on this fundamental concept, the Court in *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. Tex. 1971) addressed "standing" with relation to Rule 25:

> Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution. See *Hardenbergh v. Ray*, 151 U.S. 112, 14 S. Ct. 305, 38 L. Ed. 93 (1893); *Clarke v. Mathewson*, 37 U.S. 164, 12 Pet. 164, 9 L. Ed. 1041 (1838); Ford *Bacon & Davis v. Volentine*, 64 F.2d 800 (5th Cir.1933); *Cross v. Evans*, 86 F. 1 (5th Cir.1898). A substituted party steps into the same position of the original party. Chief Justice Marshall first pronounced the rule in American jurisprudence: "Defendant upon the scire facias can only plead what the intestate could have pleaded; and [that] it is not to be considered as a proceeding against the representative of the deceased, but a continuance of the original action." *M'Knight v. Craig Adm'r*, 10 U.S. 183, 6 Cranch 183, 187, 3 L. Ed. 193 (1810). n3

Also See: *Corbin v. Blankenburg*, 39 F.3d 650, 654 (6th Cir. Mich. 1994); *Peter Bay Owners Ass'n v. Stillman*, 205 F.R.D. 454, 457 (D.V.I. 2002); *Quinstreet Inc. v. Parallel Networks, LLC*, 2009 U.S. Dist. LEXIS 45389, 8-9 (D. Del. May 28, 2009); *Allen v. Devine*, 2011 U.S. Dist. LEXIS 123681 (E.D.N.Y. Oct. 25, 2011); *Roe v. City of New York*, No. 00 Civ. 9062 (RWS), 2003 U.S. Dist. LEXIS 20705, 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003); *United States ex rel. Colucci v. Beth Israel Med. Ctr*., 603 F. Supp. 2d 677, 683 (S.D.N.Y. 2009); and *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 4-8 (C.D. Cal. Feb. 25, 2013)(FDCPA case); *Mason v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007)(FDCPA case). The original Plaintiff in this matter asserted claims under the FDCPA based upon the years of harassment by Defendants that caused him significant injury. The proposed substitutes seek to continue those claims. [1]

---

[1] While Rule 25 is a clearly a mechanism for continuing the claims of the original Plaintiff, the Court should, in any event, recognize that that the Defendants' recitation of standing under the FDCPA is also erroneous. With some specific exceptions, a Plaintiff need <u>not</u> be a "consumer" to assert a claim under the FDCPA. The statute protects "any person" who had their rights violated. 15 USC 1692k. Congress specifically sought to stop the wide spread abuse of the debt collection industry (see 15 USC 1692b), and viewed the protection of a consumer's family and friends as an important part of their legislative scheme. See generally: *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 652 (E.D. Pa. 2012); *Sponaugle v. First Union Mortg. Corp*., 40 Fed. Appx. 715, 718-719 (3d Cir. Pa. 2002); *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1178 (11th Cir. 1985); *Wright v. Finance Serv*., 22 F.3d 647, 650 (6th Cir. 1994). .

It is well settled that, like other Federal Statutes, the question of whether the Plaintiff's claim under the Federal Fair Debt Collection Practices Act, 15 USC 1692 et seq, survives the death of the Plaintiff depends upon whether the FDCPA is "remedial" or "penal" statute. If the FDCPA is remedial, the Plaintiffs claims survive his death; if the statute is "penal" it does not. *James v. Home Constr. Co.*, 621 F.2d 727, 729 (5th Cir. Ala. 1980)(Truth in Lending Act); *Ex parte Schreiber,* 110 U.S. at 80; *United States ex rel. Neher v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1994); *Acebal v. United States*, 60 Fed. Cl. 551, 555 (Fed. Cl. 2004); *Smith v. No. 2 Galesburg Crown Fin. Corp.,* 615 F.2d 407, 413 (7th Cir. 1980); *Duchow v. New York State Teamsters Conference Pension & Retirement Fund*, 691 F.2d 74, 78 (2d Cir. 1982); *Walters v. Cowpet Bay W. Condo. Ass'n*, 2013 U.S. Dist. LEXIS 83752 (D.V.I. June 14, 2013); *Bracken v. Harris & Zide*, L.L.P., 219 F.R.D. 481 (N.D. Cal. 2004)(FDCPA case) **.**

The FDCPA is unquestionably a remedial statute. See, *Gager v. Dell Fin. Servs., LLC,* 727 F.3d 265, 270 (3d Cir. Pa. 2013); *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. N.J. 2013); *Morse v. Kaplan*, 468 Fed. Appx. 171, 172 (3d Cir. N.J. 2012); *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481 (N.D. Cal. 2004)(Rule 25 analysis). As such, the FDCPA claims survive the death of the Plaintiff. *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 4-8 (C.D. Cal. Feb. 25, 2013)(Rule 25, FDCPA

case); *Mason v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007)(Rule 25, FDCPA case).

Additionally, the Court should note that New Jersey law also makes it clear that all Plaintiff's claims survive. N.J. Stat. § 2A:15-3 (2013); *Canino v. New York News, Inc.*, 96 N.J. 189, 195 (N.J. 1984); *McFarland v. Miller*, 14 F.3d 912, 917-918 (3d Cir. N.J. 1994); *Hawes v. Johnson & Johnson*, 940 F. Supp. 697 (D.N.J. 1996). The Defendants concedes that the Plaintiff's tort claims survive under New Jersey law (Defendant's Memo, page 10), but asserts that the claims under the FDCPA do not. The only argument that the Defendant makes in this regard is that the proposed substitutes do not have standing under the FDCPA because they are not "consumers" under the statute. As addressed above, this argument completely misses the point. The proposed substitutes are merely continuing the claims of their dead son pursuant to Rule 25, and the claims survive Plaintiff's death. *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 4-8 (C.D. Cal. Feb. 25, 2013)(FDCPA case).

## VI. <u>NO ESTATE NEED BE FORMED</u>

Defendants also argue that the motion for substitution must be denied because no formal estate has been formed. Neither Rule 25 nor case law requires that an estate be formed or that there be a formal executor be named before

granting a substitution. See,; *McSurely v. McClellan*, 243 U.S. App. D.C. 270, 753 F.2d 88, 97 (D.C. Cir. 1985), *cert. denied*, 474 U.S. 1005, 88 L. Ed. 2d 457, 106 S. Ct. 525 (1985); *Sinito v. United States Dept. of Justice*, 336 U.S. App. D.C. 86, 176 F.3d 512, 516 (D.C.Cir. 1999); *Rocco v. Bickel*, 2013 U.S. Dist. LEXIS 110321 (M.D. Pa. July 9, 2013); *Heath v. Martin*, 2012 U.S. Dist. LEXIS 23891, 6-8 (M.D. Pa. Feb. 24, 2012); *Torres v. Bayer Corp. (In re Baycol Prods. Litig.)*, 616 F.3d 778, 783 (8th Cir. Minn. 2010); *Mason v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007)(FDCPA case); *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 716-717 (S.D.N.Y. 1993); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 4-8 (C.D. Cal. Feb. 25, 2013)(FDCPA case). The Court in *McSurely v. McClellan*, 753 F.2d 88, 98-99 (D.C. Cir. 1985) summarized this issue:

> Appellants, in short, urge an inequitable application of Rule 25(a)(1) that finds no support in the rulemakers' design. See, e.g., *Boggs v. Dravo Corp*., 532 F.2d 897, 900 (3d Cir. 1976) (purpose of the 1963 amendments to Rule 25(a)(1) was "to liberalize [*99] the Rule and to allow flexibility in substitution of parties"); *Kilgo v. Bowman Transportation, Inc*., 87 F.R.D. 26, 27 (N.D. Ga. 1980) (same); *National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc*., 75 F.R.D. 507, 509 (E.D.N.Y. 1977) (same). Several courts, including our own, have stated that the distributee of a distributed estate is a "proper party" for substitution under Rule 25(a)(1). See, e.g., *Rende v. Kay*, 415 F.2d at 985; *Ashley v. Illinois Central Gulf Railroad Co*., 98 F.R.D. 722, 724 (S.D. Miss. 1983); cf. *Kilgo v. Bowman Transportation, Inc*., 87 F.R.D. 26, 27 (N.D. Ga. 1980) (person named as executor in plaintiff's will, but who does not become executor because he elects statutory share rather than probating will, is a substitutable "proper party") n6 Sensibly construing Rule 25(a)(1), we hold that Mary Brick and Evelyn Adlerman were "proper parties" for the McSurelys to substitute.

Rule 25 only requires that a "successor" or "representative" of the Plaintiff make the motion. The Rule was specifically amended to remove the formal estate law requirements, and allow the Courts the flexibility to substitute parties. (See *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 717 (S.D.N.Y. 1993) ("To require the plaintiffs to petition the Surrogate's Court to appoint a representative, and thereafter renew their motion to substitute, is precisely the type of rigidity that contravenes the purposes of amended Rule 25(a)(1).") The state procedural rules regarding estates are irrelevant under Rule 25. Rule 25 is a procedural rule. This case is brought pursuant to a federal statute, and this Court has federal question jurisdiction under 15 USC 1692k, the Federal Fair Debt Collection Practices Act. The Defendant's arguments regarding the procedure for forming an estate under New Jersey state law are irrelevant. It is beyond cavil that Rule 25 governs the procedure for substituting a party in Federal Court in a case based upon a federal statute. *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. Tex. 1971) citing *Hanna v. Plumer*, 380 U.S. 460, (U.S. 1965); *Servidone Constr. Corp. v. Levine*, 156 F.3d 414, 416 (2d Cir. 1998). Defendants want the Court to ignore Rule 25 and instead use New Jersey estate procedure. Using varying state laws instead of Rule 25 would not only render the entire amendment to Rule 25 superfluous, but it would also directly contradict Congresses' stated purpose in

passing the federal FDCPA of promoting "consistent State action to protect consumers against debt collection abuses." 15 USC 1692(e).

Rule 25 does not require that the substitute be an "estate," just a representative, or successor. That was the whole point of the liberalizing the standard under Rule 25; to remove state formalities and permit the federal litigation to continue expeditiously. Delaying the substitution by forcing the proposed substitutes to go through formal estate proceeding when they are the only heirs, and there are no other assets to distribute, is precisely what Rule 25 was meant to alleviate. See: *Mason v. Asset Acceptance, LLC*, 2007 U.S. Dist. LEXIS 57162, 4-6 (S.D. Ohio July 9, 2007)(FDCPA case); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 4-8 (C.D. Cal. Feb. 25, 2013)(FDCPA case). Additionally, as the Court in *Mason* noted, Defendants suffer no prejudice from the expeditious resolution of substitution called for by Rule 25.

Additionally, as noted in the Affidavits of the movants, it appears likely that Betty Cuoco has already been appointed by the New Jersey Surrogates Court as the administrator for the purpose of continuing this lawsuit. The formal document is expected via mail within days. This obviously completely moots Defendants' position. While requiring formal administration appears to directly contravene Rule 25, if the Court deems such necessary, it is respectfully requested that the Court forego a decision on this motion until the document is obtained and submitted.

The deceased Plaintiff's parents, who are also the ultimate distributees of any proceeds are clearly appropriate substitutes.

**V. Defendants' "Defective" Suggestion of Death Theory is Wrong**

Defendant argues that the "Suggestion of Death" filed on October 23, 2013 was "defective." Defendant concludes from this that the motion for substitution must be denied. Defendant's theory demonstrates their fundamental misunderstanding of Rule 25. Rule 25(a) does not require the filing of a suggestion of death as a precursor to filing a motion for substitution. Rule 25(a) does require the filing of a suggestion of death (and the expiration of 90 days) before a Court can dismiss a case under Rule 25. The Defendant's opposition confuses these two aspects of Rule 25. The proposed substitutes herein did not need to file a suggestion of death in order to make the motion for substitution; and as such any purported "defect" (even if it did exist) is of no moment. [2] The case

[2] While Defendant's understanding of Rule 25 is fundamentally confused, the theory is not even internally cogent. Even if the law actually did require a suggestion of death to be filed before a motion for substitution can be made, and even if the suggestion of death filed October 23, 2013 was actually defective, all this would mean would be that the 90 day period to make a motion for substitution has not yet begun to run. And all this would mean would be that the proposed substitutes still have time to make the motion for substitution. Remarkably, the Defendants' analysis of this issue resolves to the following self-contradicting conclusion: because the Suggestion of Death was "defective" the 90 day period has not yet begun to run, but because it has been over 90 days since the Suggestion of Death was filed, the substitutes time to file the motion for substitution has run.

law on this is clear. See, *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 836 (3d Cir. N.J. 1994); *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 5-6 (C.D. Cal. Feb. 25, 2013)(FDCPA case substituting wife without formation of formal estate); *Hardy v. Kaszycki & Sons Contractors*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993); *Miles, Inc. v. Scripps Clinic & Research Found.*, 810 F. Supp. 1091, 1102 (S.D. Cal. 1993); *Dolgow v. Anderson*, 45 F.R.D. 470, 471 (E.D.N.Y. 1968). The Third Circuit addressed this clearly in *McKenna*, 32 F.3d 820, 836, reversing the District Court's denial of a substitution motion. In *McKenna*, the widow of Plaintiff sought to substitute into the case eight months after Plaintiff's death despite the fact that no suggestion of death was ever filed, and no formal motion for substitution was ever made. The Third Circuit stated:

> Nothing in Rule 25 says that a suggestion of death must be made or sets forth a time frame for doing it. In circumstances in which the deceased's counsel only recently learned of the death, failure to file a suggestion of death within a particular period of time does not constitute sufficient grounds for refusing such a motion. *McKenna*, 836.

A Suggestion of Death need not be filed as a pre-cursor to filing a motion for substitution under Rule 25. The Defendants argument in this regarding is without any merit. [3]

---

(See, Defendants' Memo page 11) The Defendant obviously does not cite to any case law to support this theory.

The purpose of the filing and serving a suggestion of death is to formally notify the deceased party's potential representatives so as to give them the opportunity to substitute before the case gets dismissed. See *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608 (C.D. Cal. Feb. 25, 2013); *Barlow v. Ground*, 39 F.3d 231, 233-234 (9th Cir. Cal. 1994); *Kasting v.*

---

[3] Additionally, there is nothing improper about the original Plaintiff's counsel, representing or filing a suggestion of death for the proposed substitutes. (See *Boggs v. Dravo Corp*., 532 F.2d 897 (3d Cir. Pa. 1976)) Counsel filed such at the direction of and with the authorization of the proposed substitutes. (**See Affidavit of Betty Cuoco and Victor Cuoco**) Nor does Rule 25 require a suggestion of death to note a potential substitute; this is simply not a requirement of the Rule (See *Unicorn Tales v. Banerjee*, 138 F.3d 467, 470 (2d Cir. N.Y. 1998) Further, as noted above, the filing of a suggestion of death is done for the purposes of preventing a Defendant from dismissing a lawsuit without giving the Plaintiff an opportunity to substitute in a proper party. It is simply inapplicable to the current predicament, where the proposed substitutes were obviously aware of the Plaintiff's death, as they were the ones who filed the purportedly "defective" suggestion of death in the first place. See *Jewett v. Bishop, White Marshall & Weibel, P.S.*, 2013 U.S. Dist. LEXIS 181608, 5-6 (C.D. Cal. Feb. 25, 2013). Defendant is attempting to contort Rule 25 to use it as a sword against the very litigants the rule was attempting to protect. Defendants apparently want the Court to create a rule that requires a proposed substitute under Rule 25 to file a suggestion of death so as to provide notice to themselves that they are a substitute. And Defendants wants the substitutes to be obligated to serve themselves before being able to make a motion for substitution. Defendants also wants the Court to rule that if these "strict formalities" are not followed, the substitution motion must be denied and the case dismissed. (Defendant's Memo page 11) Defendant's theory obviously has no support from the statute or case law. And considering the purpose of the amended Rule 25 was to create a more flexible standard for the protection of a Plaintiff's case, this approach hardly seems an acceptable reading of the Rule. *Boggs*, at 900; and *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 836 (3d Cir. N.J. 1994).

*American Family Mut. Ins*. Co., 196 F.R.D. 595, 599 (D. Kan. 2000).

In any event, the substitutes have filed a second suggestion of death thereby mooting the Defendant's arguments. See, *Giles v. Campbell*, 698 F.3d 153, 159 n. 5 (3d Cir. Del. 2012) (suggesting the filing of a second suggestion of death to remedy a personal jurisdictional problem created by the first suggestion of death).

**CONCLUSION**

The Defendants have not presented any viable argument why the deceased parents should be refused the right to substitute as Plaintiffs in this action. There has been no delay in the making of this motion; and certainly no prejudice to the Defendants. Considering the flexibility and liberality of Rule 25, and the clear appropriateness of the proposed substitutes, the motion should be granted.

Dated: January 28, 2014
New York, NY

S/ **Paul Mauro, Esq.**
Paul Mauro, LLC
529 West 42 St. #3N
New York, NY 10036
(917) 536-1719
paulmaur@gmail.com