JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— X

Victor Cuoco

                           Plaintiff   **13 CV 5345**

-against-                          Docket No.

                       Defendant   **COMPLAINT AND DEMAND FOR JURY TRIAL**

Palisades Collection, L.L.C. and   Unlawful Debt Collection Practices
Pressler & Pressler, LLP

                                    **TRIAL BY JURY DEMANDED**

RECEIVED
JUL 3 1 2013
U.S.D.C. S.D. N.Y.
CASHIERS

——————————————————————— X

    Plaintiff, by his attorney, complaining of the Defendants respectfully allege and shows to the Court as follows:

## I. INTRODUCTION

    1. Plaintiff brings this action because the Defendant debt collectors have engaged in a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt that had already been paid. The Defendants' actions include threatening the Plaintiff with arrest; attempting to levy on the real property of the Plaintiff's parents; attempting to levy Plaintiff's bank account; threatening Plaintiff with garnishment; and improperly adding money to the alleged debt. Plaintiff has committed no crimes, and was certainly not subject to arrest. The Defendants' actions have caused the Plaintiff to suffer financial, physical, and emotional damages.

    2. Defendants are debt collectors who have been sued hundreds of times in Federal Court for abusive and deceptive debt collection.

3. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

4.      According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C §1337 and supplemental jurisdiction relating to the commons law claims arises under 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant Pressler & Pressler, LLP is located within this District with offices at 305 Broadway New York, NY 10007 and continuously and systematically engages in the business of collecting debts in this District. Defendant Palisades Collection, L.L.C. is a limited liability company registered to do business in the state of New York and continuously and systematically engages in the business of

collecting debts in this District.  Defendants are "debt collectors" as that term is defined by 15

U.S.C. § 1692a(6).


### III. PARTIES

6. Plaintiff is natural person residing in Monmouth County, New Jersey.

7. Defendant, Palisades Collection L.L.C. is a limited liability company whose

principal purpose is the collection of consumer debts on behalf of others.

8. Defendant, Pressler & Pressler, LLP is a limited liability partnership whose

principal purpose is the collection of consumer debts on behalf of others.  Pressler &

Pressler, LLP is a law firm.

9. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section

1692a(6).

10.  The alleged debt of Plaintiff is a debt as defined by 15 USC §1692 in that it is a

debt alleged to be owed for a transaction that was primarily for personal, family or

household purposes. The debt is alleged to be owed for a personal telephone bill.

11.  The Plaintiff alleges that at all times herein mentioned, each of the Defendants

were, and is now, the agent, servant, employee and/or other representative of the other

Defendants, and in doing the things herein alleged, was acting in the scope, purpose and

authority of such agency, service employment, and/or other representative capacity with

the permission, knowledge consent and/or ratification of the other Defendants.  Any

reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further

qualification is meant to refer to each and all Defendants herein jointly and severally.


### IV.  FACTUAL ALLEGATIONS

12. Defendant Palisades is a debt buyer who purchases portfolios of allegedly defaulted debt, and then attempts to collect such debt for a profit.

13. On information and belief, and at some point unknown to Plaintiff, Palisades purchased a portfolio of allegedly defaulted debt from the telephone company named Verizon. On information and belief the Defendant only purchased a minimal amount of information relating to the alleged debt and did not purchase from Verizon the financial history of the Plaintiff's account.

14. After purchasing the portfolio of Verizon debt, the Defendant Palisades used the services of Defendant Pressler & Pressler to help them collect the alleged debt. Palisades as the owner of the debt at all times controlled whether the alleged debt should be collected from Plaintiff. Palisades at all times had the ability to stop Pressler & Pressler from attempting to collect the alleged debt. Palisades was aware that Pressler & Pressler attempted to collect consumer debts through phone calls, letters, litigation, and post judgment enforcement procedures.

15. Defendant Pressler & Pressler uses an automated system that allows them to file tens of thousands of lawsuits each year despite the fact that they have less than 20 lawyers.

16. Defendant Pressler & Pressler uses an automated system that allows them to send tens of thousands of judgment enforcement documents each year despite the fact that they have less than 20 lawyers.

17. In or around 2007 the Defendant Pressler & Pressler filed a lawsuit against the Plaintiff on behalf of Defendant Palisades. (hereinafter, "the lawsuit")  The lawsuit sought to collect $901.07 from the Plaintiff that was allegedly due for a Verizon phone bill. Attached hereto as Exhibit A is the Complaint in the lawsuit. **(Exhibit A)**

18. Notwithstanding the fact that the Plaintiff had only one Verizon account, the Complaint in the lawsuit identifies two different Verizon telephone accounts that together equal the amount sought in the lawsuit.

19. A default judgment was entered against the Plaintiff on January 24, 2008.

20. After receiving the default judgment, the Defendants obtained a writ of execution against the Plaintiff's parents' home. **(Exhibit B)**

21. After learning of the writ of execution against the Plaintiff's parents' home, the Plaintiff sent the Defendants a letter demanding that the writ be withdrawn.

22. On or about March 25, 2008, the Defendants acknowledged that the writ was improperly sought against the Plaintiff's parents' home. **(Exhibit C)**

23. Despite the fact that the Plaintiff did not owe the money Defendants sought, in March 2008, the Plaintiff paid Defendants in full settlement of the alleged debt.

24. Notwithstanding the fact that the alleged debt had been resolved, the Defendants continued to attempt to collect more money from the Plaintiff.

25. Defendants continued to telephone Plaintiff in an attempt to collect money.

26. Plaintiff told Defendant that he did not owe the alleged debt.

27. In July 2008 the Defendant attempted to garnish the Plaintiff's wages.

28. Plaintiff went to Court on the scheduled date to stop the wage garnishment, but the Defendant did not appear. The Judge telephoned the Defendant and informed the Defendant that the matter had been resolved.

29. In 2010, Pressler & Pressler, on behalf of Palisades, attempted to levy the Plaintiff's bank account at Chase bank.

30. Plaintiff informed the Defendants that the account had been resolved.

31. Despite the fact that the alleged debt was paid, in or around February 14, 2013, Pressler & Pressler, on behalf of Palisades, sent the Plaintiff an information subpoena

demanding information and threatening the Plaintiff that if he does not respond to the subpoena he could be arrested. **(Exhibit D)**

32. **Exhibit D** does not contain an actual signature of an attorney. Instead **Exhibit D** contains a type written "S/" signature of an attorney. On information and belief no attorney meaningfully reviewed Exhibit H, nor the information contained therein, prior to **Exhibit D** being sent to the Plaintiff. As such, Exhibit D falsely indicates that the document had been created and approved by an attorney.

33. Defendants' notice dated February 14, 2013 indicated that the Plaintiff owed $1,300.84 together with interest from January 24, 2008. **(Exhibit D)**

34. On February 14, 2013 the Plaintiff did not owe $1,300.84 together with interest from January 24, 2008.

35. By sending **Exhibit D** to the Plaintiff the Defendants sought to collect money from the Plaintiff that the Plaintiff did not owe.

36. By sending **Exhibit D** to the Plaintiff, the Defendants sought to collect money on an alleged debt that the Plaintiff had already resolved.

37. The amount alleged to be owed in **Exhibit D**, includes illegal interest and/or fees that the Defendants added to the alleged debt.

38. Exhibit H includes an "S/" signature of a person named "Jennifer F. Nemeth" with the title of "Clerk" indicating that this document came from, was approved by, or was authorized by the Court.  On information and belief that was not the case.

39. Exhibit H does not include the notice required by 15 USC 1692e(11), and Exhibit H does not indicate that the document is from a debt collector.

40.  On February 20, 2013 the Defendants telephoned the Plaintiff and demanded payment of the alleged debt from Plaintiff. Defendant informed the Plaintiff that if he did

not pay the Defendant, the Plaintiff would be subject to arrest, and/or subject to judgment enforcement mechanisms.

### V.  CAUSES OF ACTION UNDER THE FDCPA

41. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

42.  Defendants actions and omissions as described herein constitute violations of the FDCPA including but not limited to the following:

43. Defendants violated 15 U.S.C Section 1692e;

44. Defendants violated 15 U.S.C Section 1692e(1);

45. Defendants violated 15 U.S.C Section 1692e(2);

46. Defendants violated 15 U.S.C Section 1692e(3);

47. Defendants violated 15 U.S.C Section 1692e(4);

48. Defendants violated 15 U.S.C Section 1692e(5);

49. Defendants violated 15 U.S.C Section 1692e (7);

50. Defendants violated 15 U.S.C Section 1692e(8);

51. Defendants violated 15 U.S.C Section 1692e(9)

52. Defendants violated 15 U.S.C Section 1692e(10);

53. Defendants violated 15 U.S.C Section 1692e(11);

54. Defendants violated 15 U.S.C Section 1692d;

55. Defendants violated 15 U.S.C Section 1692d(1);

56. Defendants violated 15 U.S.C. Section 1692d(2);

57.  Defendants violated 5 U.S.C Section 1692f; and

58.  Defendants violated 5 U.S.C Section 1692f(1).

## VI. CAUSES OF ACTION FOR NEGLIGENCE AND RECKLESSNESS

59. Plaintiffs repeat and re-allege and incorporate by reference the foregoing paragraphs.

60. Defendants actions and omissions as described herein constitute negligence and recklessness in that Defendants owed Plaintiff a duty and a special duty of reasonable care, and said breaches were the proximate cause of damages suffered by Plaintiff.  It was foreseeable that Defendants' conduct as described herein would cause damage to the Plaintiff. Further the Defendants' conduct, as described herein, demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendants' actions were willful, wanton and malicious. Defendants' actions were highly unreasonable, reckless, and demonstrate an extreme departure from ordinary care. Plaintiff has been damaged financially, physical, and emotionally by the Defendants' illegal conduct as alleged herein.

61. The Defendants and its upper management were aware of, or willfully ignorant of the fact, that the Defendants automated systems result in consumers being subjected to improper and illegal debt collection procedures. Defendants and its upper management did not appropriately address the illegal behavior. The Defendants have been sued over 100 times in Federal Court for debt collection harassment and deception including improperly seeking to collect money from persons who had already paid the alleged debt.

62. On information and belief, the Defendants and its upper management were aware of the risk to automating their collection process but chose to take the risk to increase profits.

63. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendants as described herein.

64. Defendants acted in a reckless manner, thereby entitling Plaintiffs to punitive damages in an amount to be determined by finder of fact at trial.

## VIII.  INVASION OF PRIVACY

65.  Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

66. Pressler & Pressler, on behalf of the Palisades, telephoned the Plaintiff in his home and informed Plaintiff that he was subject to arrest if he did not pay the alleged debt.

67. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

68. Defendants' outrageous, abusive, and malicious acts constituted intrusion upon Plaintiffs' seclusion.

69. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

70. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

71.  The intrusion caused Plaintiffs to sustain injury, damage, loss or harm in the form of financial, physical, and emotional distress and actual injury.

72. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

73.  Defendants acted maliciously, in an evil-minded manner, thereby entitling Plaintiff to punitive damages in an amount to be determined by finder of fact at trial.

## IX. DAMAGES

74.  Because of the acts and omissions of Defendants as herein described, amongst other injury, the Plaintiff has suffered: the fear of being arrested; heart failure; mental anxiety; emotional suffering; worry; humiliation; weight gain; sleeplessness; mental distress; physical pain; and other emotional distress; along with pre-litigation costs.  In addition, the Plaintiff will incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.

## XII. PUNITIVE DAMAGES

75. Defendants' actions were willful, and wanton, in that they acted deliberately, or recklessly, with knowledge of the high degree of probability that their acts could cause serious injuries to others. Defendants' actions were malicious in that their illegal behavior was evil minded. The Plaintiffs are entitled to punitive damages from Defendants.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered against Defendants, jointly and severally for the following:

    A. Actual damages pursuant to the FDCPA and common law claims;

    B. Statutory damages pursuant to the FDCPA;

    C. Nominal damages;

    D. Costs and reasonable attorney's fees pursuant to the FDCPA;

    E. Punitive damages pursuant to the state common law claims;

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Joseph Mauro

# EXHIBIT A

RECEIVED 4/26/2007 1:42:10 PM

Pressler & Pressler                                    FILED    Apr 26, 2007
16 Wing Drive (2nd Fl)
Cedar Knolls, NJ 07927
973-753-5100
Attorney For Plaintiff
File # C169696

PALISADES COLLECTION, L.L.C.
                                              Superior Court of
                                              New Jersey Law Division
                    plaintiff                 MONMOUTH Special Civil Part
vs.

VICTOR CUOCO
                                                   DC-006457-07
                    defendant(s)              Docket #
                                              Civil Action COMPLAINT

Plaintiff having a principal place of business at 210 SYLVAN AVE ENGLEWOOD
CLIFFS NJ 07632

FIRST COUNT: There is due from the defendant the sum of $901.27 on certain book
accounts, account numbers ~INSERT DEF ACCOUNT.NUMBER , a true copy of which are
annexed hereto. Payment has been demanded and has not been made.

SECOND COUNT: The plaintiff sues the defendant(s) for goods sold and delivered
and/or services rendered to the defendant(s), upon the promise by the
defendant(s) to pay the agreed amount as set forth on the statement(s) annexed
hereto . Payment has been demanded and has not been made.

THIRD COUNT: The plaintiff sues the defendant(s) for the reasonable value of
goods sold and delivered, and/or services rendered to the defendant(s) upon the
promise of the defendant(s) to pay a reasonable price for the same, as set forth
on the statement(s) annexed hereto. Payment has been demanded and has not been
made.

FOURTH COUNT: The defendant(s), being indebted to the plaintiff in the sum of
$901.27 upon accounts stated between them, did promise to pay the said sum upon
demand. Payment has been demanded and has not been made.

Judgment is demanded for $912.33 together with interest computed at the rate set
forth in Court Rule 4:42-11 from 12/18/2006 to 04/16/2007 in the amount of
$11.06 for a total of $923.39 together with interest to date of judgement and
costs of suit.

WHEREFORE, plaintiff demands judgment for the sum of $912.33

I certify that the matter in controversy is not the subject of any other court
action or arbitration proceeding, now pending or contemplated, and that no
other parties should be joined in this action.

Pressler and Pressler
Attorneys for Plaintiff(s)

By: S/Gerard J. Felt

Gerard J. Felt

verizon

Page 1 of 8
732 845-5977-093 05Y

Return this page with your payment

Due Immediately .................. February 7, 2003

$560.20

Please make your payment to Verizon

AMOUNT PAID

$ [  ] [  ] [  ] . [  ] [  ]

VICTOR CUOCO
93 HELEN AV
FREEHOLD NJ    07728-2627

PO Box 4830
Trenton NJ 08650-4830

11773208455977093710166899930000056020100000056020100000

R16 101



**verizon**

Page 2 of 8
732 845-5977-093 05Y

February 7, 2003

**How Your Charges are Billed**

Your telephone includes two types of service charges:

**Basic Local Charges** - Charges for local telephone service, local service usage, nonrecurring charges for basic services (i.e., service ordering charges and installation charges for basic service), federally mandated subscriber line charges and applicable State and Federal taxes. Your bill will always include some regulated service charges.

**Non-Basic Charges** - Services not regulated by the NJ Board of Public Utilities

**Toll Charges** - Charges for both regional and long distance calls

**Other Charges**

| | Past Due Balances | Current Charges | Totals |
|---|---|---|---|
| Basic Local Charges | $.00 | $.00 | $.00 |
| Non Basic Charges | | | |
| Toll Charges | $560.20 | $.00 | $560.20 |
| Other Charges | $.00 | $.00 | $.00 |
| Totals | $560.20 | $.00 | $560.20 |

**verizon**

Return this page with your payment

Due Immediately .................

Please make your payment to Verizon

Page 1 of 13
732 776-6161-422 87Y

August 29, 2002

$341.07

AMOUNT PAID

$ ☐☐ ☐☐ . ☐☐

VICTOR D CUOCO
93 HELEN AV
FRHD NJ
07728-2627

PO Box 4830
Trenton NJ 08650-4830

R12 101

11773207766161422510101247999470000003771700000094107300000

verizon

Page 2 of 13
732 776-6161-422 87Y

August 29, 2002

**How Your Charges are Billed**

Your telephone includes two types of service charges:

**Basic Local Charges** - Charges for local service charges, local service usage, nonrecurring charges for local telephone service, local service ordering charges and installation charges for basic service), federally mandated subscriber line charges and applicable State and Federal taxes. Your bill will always include some regulated service charges.

**Non-Basic Charges** - Services not regulated by the NJ Board of Public Utilities

**Toll Charges** - Charges for both regional and long distance calls

**Other Charges**

| | Past Due Balances | Current Charges | Totals |
|---|---|---|---|
| Basic Local Charges | $5.29 | $.00 | $5.29 |
| Non Basic Charges | | | |
| Toll Charges | $310.34 | $3.90 | $314.24 |
| Other Charges | $21.54 | $.00 | $21.54 |
| Totals | $337.17 | $3.90 | $341.07 |

# EXHIBIT B



**MONMOUTH COUNTY SHERIFF'S OFFICE**
50 East Main Street, Freehold, New Jersey 07728-1263
(732) 431-7139  FAX (732) 294-5965

**www.sheriffguadagno.com**

Kim Guadagno
Sheriff

March 12, 2008

Victor Daniel Cuoco, Jr
93 Helen Avenue
Freehold, NJ 07728

**Re:** Palisades Collection LLC vs. Victor Cuoco

**Court Docket #:** DJ01984408

**Sheriff File #:** PWE-08001325

To Whom It May Concern:

Please be advised that the Monmouth County Sheriff's Office is levying upon your real estate in the amount of **$1,146.17,** including costs, fees and sheriff's commission, to satisfy the attached judgment. The attorney representing the plaintiff is Pressler & Pressler.

If you require additional information please do not hesitate to contact our office at (732) 431-7143.

Sincerely,

*Kim Guadagno*

Kim Guadagno
Sheriff

DULY SERVED

Date: 3/3/08

By: _____
    Deputy

Document1

P&P File # C169696

PRESSLER AND PRESSLER,
COUNSELLORS AT LAW
16 Wing Drive
Cedar Knolls, N.J. 07927
(973) 753-5100

Attorney for Plaintiff

SUPERIOR COURT OF N.J.
RECEIVED / PAID

FEB 2 7 2008

Acting Clerk

ENTERED IN THE RECORDS OF EXECUTIONS
ISSUED IN THE SUPERIOR COURT CLERK'S
OFFICE   019844-08

THEODORE J. FETTER
Acting Clerk of Superior Court

---

PALISADES COLLECTION, L.L.C.

Plaintiff(s)

-vs-
VICTOR CUOCO

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION:  MONMOUTH COUNTY

DOCKET # DJ-019844-08

WRIT OF EXECUTION

---

THE STATE OF NEW JERSEY

TO THE SHERIFF OF MONMOUTH

WHEREAS, on the 24th day of JANUARY 2008 judgement was recovered by Plaintiff PALISADES COLLECTION, L.L.C. in an action in the Superior Court of New Jeresey, Law Division, MONMOUTH County, against the Defendant(s) VICTOR CUOCO        for damages of $1,018.42 and costs of $0.00 ; and

WHEREAS, on 01/24/08 , the judgment was entered in the civil docket of the Clerk of the Superior Court, and there remains due thereon $1,081.40 .

THEREFORE, WE COMMAND that you satisfy said Judgment out of the personal property of said Judgment debtor(s) within your County; and if sufficient personal property cannot be found, then out of the real property in your County belonging to the judgment debtor(s) at the time when the judgment was entered or docketed in the office of the Clerk of this Court or at any time thereafter, in whosesoever hands the same may be, and that you pay the said monies realized by you from such property to Ralph Gulko , Esq., attorney in this action;

and that within twenty-four months after the date of its issuance you return this execution and your proceedings thereon to the Clerk of the Superior Court of New Jersey at Trenton.

WE FURTHER COMMAND YOU, that in case of a sale, you make your return of this Writ with your proceedings thereon before this court and you pay to the Clerk thereof any surplus in your hands within thirty days after the sale.

WITNESS, the Honorable LINDA R. FEINBERG , Judge of the Superior Court at Trenton, this _____ day of _____ ,200 .

FEB 2 8 2008

_Theodore J. Fetter_

THEODORE J. FETTER
Acting Clerk of the Superior Court

THEODORE J. FETTER , CLERK

## ENDORSEMENT

| | | |
|---|---|---|
| Judgment Amount.....................$ | 1,018.42 | |
| Additional Costs...................$ | 0.00 | |
| Cost of Writ.......................$ | 5.00 | |
| Interest As Of 02/20/08 ...........$ | 4.14 | |
| Credits............................$ | 0.00 | |
| Sheriff Fees.......................$ | 53.84 | |
| Subtotal...........................$ | 1,081.40 | |
| Sheriff's Commissions with Sale.....$ | 64.88 | Sheriff's Commissions without Sale........$    32.44 |
| TOTAL..............................$ | 1,146.28 | TOTAL...............$   1,113.84 |

Post-judgment interest applied pursuant to Rule 4:42-11 must be calculated as simple interest. As required by Rule 4:59-1, explain in detail the method by which interest has been calculated, taking into account all partial payments made by the defendant

_Ralph Gulko_
Ralph Gulko
Attorney for Plaintiff

Dated: 02/20/08



# EXHIBIT C

MAURICE H. PRESSLER (1900-2002)
SHELDON H. PRESSLER
⎯⎯⎯⎯
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
⎯⎯⎯⎯
MITCHELL L. WILLIAMSON
JAMES D. PADGETT
THOMAS M. BROGAN
RALPH GULKO
JOANNE L. D'AURIZIO
MICHAEL ROSS*
ANTHONY J. CHIRLES JR

**PRESSLER AND PRESSLER, LLP**
COUNSELLORS AT LAW
16 Wing Drive
Cedar Knolls, N.J. 07927
Off: (973) 753-5100
Fax: (973) 753-5353

NY Office: 990 Stewart Ave.
Suite 30
Garden City, NY 11530
Office: (516)222-7929
Fax: (973)753-5353

PA Office: 169 West Ashland Ave.
Doylestown, PA 18901

Office: (215) 860-3337
Fax: (973) 753-5353

STEVEN P. BANN
CHRISTOPHER P. ODOGBILI
RUSSELL A. DITNES**
DALE L. GELBER
LORI R. CETANI
MICHAEL GOULD*
EDMUND A. KULAKOWSKI JR.*
DARYL J. KIPNIS
MIRIAM MEEHAN
THOMAS M. KRICK

E-MAIL: Pressler@Pressler-Pressler.com
Please Reply To:
[X] New Jersey Office  [ ] New York Office  [ ] Pennsylvania

* NY STATE LICENSE ONLY
** PA STATE LICENSE ONLY

APRIL 02, 2008

Deputy Clerk of the Superior Court, MONMOUTH County
PO BOX 1252
FREEHOLD NJ 077281252

Re: PALISADES COLLECTION, L.L.C.  vs  VICTOR CUOCO
    Superior Court of New Jersey: Law Division
    MONMOUTH County - Docket No. DJ-019844-08
    P&P File Number C169696

Dear Sir or Madam:

Please accept this letter in response to Defendant's objection to Plaintiff's levy on Defendant's real estate and personal property.

Defendant objects on the basis that the real estate is owned by his parents and that he has never had ownership of the property. Plaintiff has verified that Defendant is in fact not the owner of the property at 93 Helen Ave Freehold, NJ 07728. As such, Plaintiff will be notifying the Sheriff to return the writ to the Court as unsatisfied and not to proceed any with any further executions against the property.

Thank you for your attention.

Very truly yours,

PRESSLER & PRESSLER, LLP


s/STEVEN P. BANN

SPB/CR

CC: VICTOR  CUOCO
    93 HELEN AVE
    FREEHOLD NJ 077282627

This is a communication from a debt collector.

# EXHIBIT D

PRESSLER and PRESSLER, LLP
COUNSELLORS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
1-973-753-5100   Ext 5112

P&P# C169696

IMPORTANT NOTICE - PLEASE READ CAREFULLY

INFORMATION SUBPOENA AND WRITTEN QUESTIONS

FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA
MAY RESULT IN YOUR ARREST AND INCARCERATION

PALISADES COLLECTION, L.L.C.

                    Plaintiff(s)

-vs-

VICTOR CUOCO

                    Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH  County
DOCKET NO.  DJ-019844-08.

Civil Action

INFORMATION SUBPOENA

THE STATE OF NEW JERSEY, to:  VICTOR CUOCO

JUDGMENT has been entered against you in the  Superior  Court  of  New
Jersey, Law Division, MONMOUTH County , on  January 24, 2008, in  the
amount of $1,018.42 plus  costs,  of  which  $1,300.84  together  with
interest from January 24, 2008, remains due and unpaid.

Attached to this Information Subpoena is a list of questions that court
rules require you to answer within 14 days from the date  you  receive
this subpoena.  If you do not answer the attached questions within the
time required, the opposing party may  ask  the  court  to  conduct  a
hearing in order to determine if you should be held in contempt.   You
will be compelled to appear at the hearing and explain your reasons for
your failure to answer.

If this judgment has resulted from a default, you may have the right to
have this default judgment vacated by making an appropriate motion  to
the court.  Contact  an  attorney  or  the  clerk  of  the  court  for
information on making such a motion. Even if you dispute the judgment
you must answer all of the attached questions.

You must answer  each  question  giving  complete  answers,  attaching
additional pages if necessary.  False or misleading answers may subject
you to punishment by  the  court.   However,  you  need  not  provide
information concerning the income and assets of others living in  your
household unless you have a financial interest in the assets or income.
 Be sure to sign and date your answers and return them to the  address
in the upper left hand corner within 14 days.

Dated:  02/14/13
 s/Joanne L. D'Aurizio
     Joanne L. D'Aurizio
     Attorney for Plaintiff

s/JENNIFER F NEMETH
JENNIFER F NEMETH
     Clerk

VICTOR CUOCO
93 HELEN AVE
FREEHOLD, NJ 077282627