<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BETTY CUOCO and VICTOR CUOCO, SR., | Civil Action No. 13-6592 (JLL) (JAD) |
| Plaintiffs, | |
| v. | OPINION |
| PALISADES COLLECTION, L.L.C. and PRESSLER & PRESSLER, LLP, | |
| Defendants. | |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon Plaintiffs Betty Cuoco and Victor Cuoco Sr.'s ("Plaintiffs") Motion for Leave to File an Amended Complaint. (ECF No. 59). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiffs' application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' Motion to Amend, (ECF No. 59), is **GRANTED in part and DENIED in part.**

## I.     BACKGROUND

### a.   <u>Procedural History</u>

The original Plaintiff Victor Cuoco ("Plaintiff") commenced this matter on July 14, 2014 by filing a Complaint in the United States District Court for the Southern District of New York against Defendants Palisades Collection, LLC ("Defendant Palisades") and Pressler & Pressler, LLP ("Defendant Pressler"), (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and asserting claims of negligence and recklessness, and invasion of privacy. (Compl., ECF No. 39-1). Plaintiff died on September 27, 2013, and a

Suggestion of Death was filed on his behalf on October 23, 2013.  (ECF No. 8).  On October 24, 2013, the matter was transferred to this Court pursuant to 28 U.S.C. § 1404(a).  (ECF No. 10).  On December 27, 2013, a Motion to Substitute the Decedent's parents as Plaintiffs in this matter was filed.  (ECF No. 15).  Although Defendants jointly opposed that Motion, (ECF No. 20), the Court granted Plaintiffs' request on March 11, 2014.  (ECF No. 35).[1]

       b.  **Facts**[2]

       Plaintiffs assert that Defendant Palisades, a limited liability company whose principal purpose "is the collection of consumer debts on behalf of others", attempts to collect on defaulted debts for a profit.  (Compl., ECF No. 39-1, at 3, ¶¶ 7, 12).  In the course of Defendant Palisades business, it purchased a portfolio of debt from the phone company Verizon, which contained Plaintiff's alleged debt.  (Id. ¶ 13).  Defendant Palisades then secured the services of Defendant Pressler, a law firm, to assist in collecting the debt.  (Id. ¶ 14).  In 2007, Defendant Pressler brought a lawsuit against Plaintiff on behalf of Defendant Palisades to recover the debt allegedly owed for Plaintiff's Verizon phone bill for a sum of $901.07.  (Id. ¶ 17).  Plaintiffs claim that their son had only one Verizon account, despite the fact that the lawsuit initiated against him derived from two different telephone accounts.[3]  (Id. ¶ 18).

---

[1] As in the proposed Amended Complaint, (ECF No. 59-2, at 3, ¶ 6), all references to "Victor Cuoco" or "Mr. Cuoco" or "Plaintiff" refer to the original Plaintiff, the deceased Victor Cuoco. All references to "Plaintiffs" refer to Betty Cuoco and Victor Cuoco Sr.

[2] The facts from this section are gleaned from both the original Complaint and Plaintiffs' Proposed Amended Complaint.

[3] There are five unique bills charged to two unique telephone numbers.  The telephone number ending in 5977 has three bills for the following amounts: $560.20, $68.00, and $272.27.  The telephone number ending in 6161 has two bills for the following amounts: $341.07 and $229.44. Defendant Pressler sued for one bill from each number, $560.20 and $341.07, for a total sum of $901.27.  (Proposed Amended Complaint, ECF No. 59-2, at 4-5, ¶ 17).

On September 27, 2007, Defendants obtained a default judgment against Plaintiff in the amount of $990.33.[4]  (Proposed Amended Complaint, ECF No. 59-2, at 6, ¶ 20).  "After receiving the Default Judgment, the Defendants obtained a writ of execution against the Plaintiff's parents' home" and Plaintiff demanded that the writ be withdrawn.  (Id. ¶¶ 28, 29).  Plaintiff alleges that "Defendants acknowledged that the writ was improperly sought against the Plaintiff's parents' home."  (Id. ¶ 30).

Plaintiffs further allege that Defendant Palisades, used a separate debt collection company, Plaza Associates, and offered a settlement to the Plaintiff for the debt owed on both accounts.  (Id. ¶ 31).  Plaintiffs claim that in March 2008, their son paid Plaza Associates $275.94 towards the settlement for both telephone numbers after "Defendants sent the Sherriff to the Plaintiff's parents' house to try to execute on the judgment."  (Id.).  Plaintiffs claim that "all claims related to [the accounts] . . . that were not adjudicated in the state lawsuit were forfeited by Palisades, or merged into the Judgment on September 27, 2007" and therefore, "the only alleged obligation relating to the two phone numbers that existed at the time that [Plaintiff] paid the settlement . . . was the Judgment."  (Id. ¶ 34).

Plaintiffs contend that despite having resolved the alleged debt, Defendants repeatedly attempted to collect the money owed, without reducing the amount of the Judgment.  (Id. ¶ 35).  Plaintiffs further assert that any attempt to collect on the alleged debt after their son supposedly settled it, violated several sections of 15 U.S.C. § 1692.  (Id. ¶ 36).  Plaintiffs maintain that even after settling the debt, Defendants continued to engage in collection tactics to recover more money including attempting to garnish their son's wages.  (Id. ¶ 40).  Plaintiffs also claim that Defendant

---

[4] "This amount consisted of the $901.27 sued for, plus pre-judgment interest ($17.68), court cost ($38.00) and attorney's fees ($33.38)."  (Proposed Amended Complaint, ECF No. 59-2, at 6, ¶ 20).

Pressler, allegedly acting on behalf of Defendant Palisades, sent their son an information subpoena "demanding information" and noting that "FAILURE TO COMPLY WITH THIS SUBPOENA MAY RESFULT [sic] IN YOUR ARREST AND INCARCERATION." (Id. ¶ 42). "Defendants notice dated February 14, 2013 indicated that the Plaintiff owed $1,300.84 together with interest from January 24, 2008." (Id. ¶ 44).

Plaintiffs maintain that the alleged obligation was resolved, and that "the Defendants added amounts to the debt that were never agreed to by the Plaintiff nor authorized by law." (Id. ¶ 45). Plaintiffs allegedly suffered damages as a result of Defendants' acts and omissions including, amongst other things, fear of being arrested, heart failure, mental anxiety, emotional suffering, and medical expenses. (Id. ¶ 65).

### c.  __The Motion to Amend__

On December 23, 2014, Plaintiffs filed a Motion to Amend the Complaint. (Pl. Br., ECF No. 59-1). Plaintiffs maintain that the proposed Amended Complaint does not add any additional claims, but rather removes one claim, and "explicates and clarifies others based upon new information just obtained." (Id. at 2-3). Defendants each opposed Plaintiffs' Motion on the grounds that the proposed amendments are futile. (Def. Br., ECF No. 64-2; Def. Br., ECF No. 65).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d

4

484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No., 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. Grayson v. Mayview State Hosp., 292 F.3d 103, 108 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

Here, Defendants challenge Plaintiffs' proposed amendments on "futility" grounds. A proposed amendment "'is futile if the amended complaint would not survive a motion to dismiss.'" County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11–7119 (WJM), 2014 U.S. Dist. LEXIS 46572, at *9–10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Court notes that Defendants bear the burden of establishing that Plaintiffs' proposed amendments are futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one.  Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572, at *10.  "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'"  Schiano v. MBNA, 05–1771, 2013 U.S. Dist. LEXIS 81440, at *45 (D.N.J. Feb. 11, 2013) (internal citations omitted).

## III.   DISCUSSION

### a.   Defendant Palisades

In its opposition to Plaintiffs' Motion to Amend, Defendant Palisades argues that while Plaintiffs allege that no additional claims have been added to the proposed Amended Complaint, that is not entirely accurate.  (Def. Br., ECF No. 64-2, at 3).  Defendant Palisades argues that because Plaintiffs' proposed Amended Complaint raises the Entire Controversy Doctrine and New Jersey Rule of Civil Procedure 4:30A "as additional theories of liability as to why Defendants were allegedly required to bring any and all claims related to Plaintiff's financial obligations for certain telephone numbers recited in Plaintiff's Proposed Amended Complaint in one lawsuit . . . Plaintiff is attempting to expand his liability theories presented in the original Complaint with reference to a lawsuit filed in an underlying State Court Action".  (Id. at 4).

Defendant Palisades also takes issue with Plaintiffs attempting to "incorporate the findings in the case of []Bock v. Pressler & Pressler, LLP, 2014 U.S. Dist. LEXIS 88367 (D.N.J. June 30, 2014) as controlling for the facts averred in the Proposed Amended Complaint." (Id.). Defendant Palisades also posits that Plaintiffs' claim for damages resulting from heart failure "is nothing more than a contrived and ridiculous claim based on the facts." (Id.).

### b.  **Defendant Pressler**

In addition to addressing several of the same arguments, Defendant Pressler takes the position "that the five claims articulated by Plaintiffs are futile and, since Plaintiffs claim that the amendment only clarifies the claims in his original complaint, any findings of futility should result in the outright dismissal of that particular claim." (Def. Br., ECF No. 65, at 1).  This Court shall address both Defendants' arguments in detail below.

### i.  **Attempt to Collect a Settled Debt**

Both the original Complaint and the proposed Amended Complaint allege that Defendants attempted to collect a settled debt in violation of the FDCPA.  (Compl., ECF No. 39-1, ¶¶ 23-30, 35-37; Proposed Amended Complaint, ECF No. 59-2, ¶¶ 36, 45-49).  This Court notes that all specific violations of the FDCPA alleged in the proposed Amended Complaint were already pled in the original Complaint.  (See Compl., ECF No. 39-1, at 7).  Defendant Palisades argues that these claims are "methodical fabrication[s] of facts," and are "simply not true."  (Def. Br., ECF No. 64-2, at 13).  When considering whether to grant or deny a motion to amend, the Court need not verify the veracity of Plaintiffs' allegations.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) ("A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the

light most favorable to plaintiff, plaintiff is not entitled to relief") (quoting <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3rd Cir. 1986)).

Although not many facts were pled in the original Complaint to support the claims asserted, the claims of specific FDCPA violations were included.  Plaintiffs seem to be adding facts to bolster those claims.  To require Plaintiffs to take those claims out of the proposed Amended Complaint would ignore well established rules of pleadings and motion practice.  <u>See</u> Fed. R. Civ. P. 8, 12, 12(c), 15.  Any allegations included in Plaintiffs' original Complaint are not reviewable in the context of this Motion.  Because these claims were pled in the original Complaint, and Defendants did not move to dismiss them, these amendments adding facts are not now futile, and therefore, shall be permitted.

Additionally, Defendant Palisades argues that the enclosed Exhibits reveal that "the other accounts Plaintiff had with Verizon were unrelated to the account at issue in Plaintiff's original Complaint, two of which were resolved in settlement and the remaining account permanently retired."  (Def. Br., ECF No. 64-2, at 8).  As is the case throughout Defendants' papers, this argument is better suited for a summary judgment motion, not a motion to amend.  This Court shall not, at this juncture, attempt to determine what the Exhibits do and do not prove.  The Court need only consider whether or not Plaintiffs' proposed amendments are futile under the Rule 12(b)(6) standard.

### ii.  <u>Entire Controversy Doctrine</u>

Plaintiffs seek to amend the Complaint to include claims regarding the Entire Controversy Doctrine and New Jersey Rule of Civil Procedure 4:30A, which Defendants categorize as a new legal theory.  (<u>See</u> Proposed Amended Complaint, ECF No. 59-2, ¶ 27).  Plaintiffs' proposed Amended Complaint states,

> Pursuant to the Entire Controversy Doctrine, and New Jersey Rule of Civil Procedure 4:30A, Palisades was required to bring any and all claims related to [Plaintiff's] financial obligations for [both] telephone numbers . . . in one lawsuit. Any claims that Verizon/Palisades may have had against [Plaintiff] related to [both] telephone numbers . . . that were not alleged in Palisades lawsuit were forfeited. Through their lawsuit Palisades affirmatively represented that $990.33 was the total amount due by [Plaintiff] for the two telephone numbers . . . Upon entry of the Judgment in the state lawsuit on September 27, 2007, the entire controversy between [Plaintiff] and Verizon/Palisades, as defined by Palisades in the lawsuit, was for $990.33.

(Proposed Amended Complaint, ECF No. 59-2, ¶ 27).  New Jersey Civil Practice Rule 4:30A provides, in part: "[n]on-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine".  New Jersey Civil Practice Rule 4:30A (1997).

> The Entire Controversy Doctrine embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.  The Doctrine thus requires a party to bring in one action all affirmative claims that [it] might have against another party, including counterclaims and cross-claims, and to join in that action all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts.

Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (internal citations and quotations omitted).

Plaintiffs maintain that when Defendants sued their son for his alleged obligation, "that lawsuit defined the entire controversy between the parties." (Pl. Br., ECF No. 59-1, at 5).  Plaintiffs further argue that once "judgment against [Plaintiff] was obtained," all of Plaintiff's obligations were merged with the judgment under the Entire Controversy Doctrine.  (Pl. Br., ECF No. 59-1, at 6).  As a result, it is Plaintiffs' position that any attempt to collect after Plaintiff paid the judgment is a violation of the FDCPA.  (Id.).

Defendant Palisades argues that the Entire Controversy Doctrine has no relevance in this case. (Def. Br., ECF No. 64-2, at 10). Ultimately, Defendant Palisades maintains that Defendant "Pressler brought the underlying State Court Action in an attempt to enforce a Judgment entered against Plaintiff . . . thereafter serving an initial Information Subpoena . . . The account at issue arising from the underlying State Court Action was unrelated to the other accounts which are identified in Palisades Answers to Plaintiffs Request for Production of Documents which were either previously settled or not pursued." (Id.).

Similarly, Defendant Pressler argues that Plaintiffs' assertions regarding the Entire Controversy Doctrine are "entirely unsupported by law." (Def. Br., ECF No. 65, at 4). Defendant Pressler further argues that because the state court action resulted in the entry of default against Plaintiff, that judgment was a "binding judicial determination of the rights and duties of the parties to that action." (Id.) (citing New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 412 (1991)). As a result, Defendant Pressler maintains that the subsequent settlement has no effect on the judgment of record in the state court action. (Def. Br., ECF No. 65, at 4). Ultimately, Defendant Pressler's position is that they are not barred from attempting "to collect the three Verizon balances that were not the subject-matter of the State Court Action" because the purpose of the Entire Controversy Doctrine "is to avoid piecemeal *litigation*." (Id. at 5) (emphasis in original) (citing Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 442-44 (2011)).

Plaintiffs attempt to rebut Defendants' arguments by asserting that the wording of the Entire Controversy Doctrine and New Jersey Rule of Court 4:30A "does not limit its application" to lawsuits.[5] (Pl. Br. ECF No. 67 at 4). Plaintiffs further assert that the two basic purposes of the

---

[5] Plaintiffs compare Rule 4:30A to Rule 4:7-1, which states, "[a] defendant, however, either failing to comply with R. 4:30A (Entire Controversy Doctrine) or failing to set off a liquidated debt or demand or a debt or demand capable of being ascertained by calculation, shall thereafter be

doctrine are to avoid harassment of parties and to promote fundamental fairness.  (Id.).  As a result, to not merge all of the obligations into the state court judgment would "invite further controversy between the parties" which is contrary to the purpose of the Entire Controversy Doctrine.  (Id.) (citing Aetna Ins. Co v. Gilchrist Bros., Inc., 85 N.J. 550, 556 (1981)).

This Court shall not expand the underlying purpose of the Entire Controversy Doctrine, as Plaintiffs suggest this Court do.  The Third Circuit has noted that "the objectives behind the doctrine are threefold: (1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation."  Venuto v. Witco Corp., 117 F.3d 754, 761 (3d Cir. 1997) (citing Mystic Isle Development Corp. v. Perskie & Nehmad, 662 A.2d 523, 529-30 (1995)).  This Court need not make a determination as to whether or not this is a successive lawsuit because the Entire Controversy Doctrine is inapplicable for other reasons.

Plaintiffs misapply the doctrine and attempt to utilize it in an inappropriate fashion.  "The entire controversy doctrine is an affirmative defense, waived if not pleaded or otherwise timely raised."  Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999).  The Doctrine bars plaintiffs from asserting claims against defendants that were not asserted in prior litigation involving the same parties.  See id.  That is, however, not the case here, making the doctrine irrelevant.  The plaintiffs in the underlying action, Defendant Palisades and Defendant Pressler, are not attempting to assert additional claims against the defendant in the underlying case, Mr.

---

precluded from bringing any action for such claim or for such debt or demand which might have been so set off." (Pl. Br., ECF No. 67, at 4) (emphasis added).  Plaintiffs assert that if the legislature wanted to exclusively bar additional litigation, it would have worded the Entire Controversy Doctrine in the same way it worded Rule 4:7-1.  (Id.)  Instead, Plaintiffs claim that "the preclusive effects of 4:30A are not limited 'to bringing an action.'"  (Id.).

Cuoco.  As such, the specific reference to the Entire Controversy Doctrine in Plaintiffs' proposed Amended Complaint, (Proposed Amended Complaint, ECF No. 59-2, ¶ 27), is futile and shall not be permitted.

### iii. *Rooker-Feldman* Doctrine

In addition, both Defendants argue that the *Rooker-Feldman* doctrine bars Plaintiffs' proposed amendments to the original Complaint.  (Def. Br., ECF No. 64-2, at 10-11; Def. Br., ECF No. 65, at 5-6).  "The *Rooker–Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Third Circuit has identified four requirements that must be met for the doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (citing Exxon Mobil Corp., 544 U.S. at 284).

Plaintiffs maintain, however, that the *Rooker-Feldman* doctrine is inapplicable because Plaintiffs are not attacking the state court judgment, but rather relying on it.  (Pls. Br., ECF No. 67, at 5).  Additionally, Plaintiffs maintain that they are not "questioning the judgment," nor do they "want it reviewed."  (Id.).  While their son did lose in state court, Plaintiffs are not "complaining of injuries caused by state-court judgments" nor "inviting district court review and rejection of those judgments."  Exxon Mobil Corp., 544 U.S. at 284.  The Court, therefore, finds

that the *Rooker-Feldman* doctrine does not apply in this case and, therefore, does not preclude Plaintiffs' proposed amendments.

### iv.  Statute of Limitations

Additionally, Defendant Palisades argues that the FDCPA "has a strict one-year statue of limitations" and therefore, "[a]ny events which occurred prior to July 31, 2012 are outside the one year statute and therefore should be deemed irrelevant and outside the scope of the instant litigation." (Def. Br., ECF No. 64-2, at 11).  Defendant Palisades did not provide the Court with any additional information or case law to support its position.  This Court, therefore, will not address this argument further because Plaintiffs' proposed amendments are either granted or denied on other grounds.  This Court shall not endeavor to assume what Defendant Palisades attempt to argue and what specific proposed amendments it seeks to have this Court deny.

### v.  Information Subpoena

Next, both Defendants argue that Plaintiffs' proposed amendments regarding the information subpoena and its alleged violation of the FDCPA are futile for several reasons.  (See Def. Br., ECF No. 65, at 6-11; Def. Br., ECF No. 64-2, at 11-12).  The Court shall address each of these arguments in turn.

### 1.  Meaningful Review

First, Defendant Palisades asserts that "Plaintiff has no factual and/or legal basis to assert that there was no attorney meaningful review of the information subpoena and therefore the proposed Amended Complaint is futile." (Def. Br., ECF No. 64-2, at 11).  Similarly, Defendant Pressler argues that "Plaintiffs fail to allege any facts to support the claim that there was no meaningful attorney involvement with respect to the information subpoena." (Def. Br., ECF No. 65, at 6).

The original Complaint, however, states the following: "[o]n information and belief no attorney meaningfully reviewed Exhibit H, nor the information contained therein, prior to Exhibit D being sent to the Plaintiff.  As such, Exhibit D falsely indicates that the document had been created and approved by an attorney."  (Compl., ECF No. 39-1, at 6, ¶ 32).  Plaintiffs' proposed Amended Complaint is identical in this regard, with the exception of the lettered exhibits.  (See Proposed Amended Complaint, ECF No. 59-2, at 9, ¶ 43).  Not only are Defendants' arguments more appropriate for a motion for summary judgment, but also Defendants' arguments fail to persuade this Court on technical grounds.  An opposition to a motion to amend should address the futility of the proposed amendments, not the futility of preexisting claims.  Because these claims existed in the original Complaint, this Court will not deny Plaintiffs' Motion to Amend for adding additional facts.

Additionally, both the original Complaint and Plaintiffs' proposed Amended Complaint alleged that the information subpoena "does not contain an actual signature of an attorney.  Instead Exhibit I contains a type written 'S/' signature of an attorney.  On information and belief no attorney meaningfully reviewed Exhibit I, nor the information contained therein, prior to Exhibit I being sent to the Plaintiff.  As such, Exhibit I falsely indicates that the document had been created and approved by an attorney."  (Proposed Amended Complaint, ECF No. 59-2, at 9, ¶ 43).  The proposed Amended Complaint adds, "Exhibit I also includes an S/ signature from the Court clerk.  Defendants actions in this regard violate" several sections of 15 U.S.C. § 1692.  (Id.).

Plaintiffs further argue that "the Defendant's computer system included the name of the state court clerk on the document giving the least sophisticated consumer the false impression that the state court had giving [sic] its approval to this computer generated subpoena."  (Pl. Br., ECF No. 59-1, at 8).  To that effect, Defendant Pressler argues that "[i]t is a long-established procedure

14

in the State of New Jersey court system that an attorney can issue a subpoena in the name of the clerk of the court." (Def. Br., ECF No. 65, at 8). It appears, again, that Plaintiffs' proposed amendment regarding the "S/ signature from the Court clerk" is simply an addition of a fact, which is entirely permissible.

Defendant Pressler also argues that Plaintiffs offer no support for their contention that it is "impermissible for an attorney to utilize an electronic signature on a document". (Def. Br., ECF No. 65, at 7). Defendant Pressler further notes that "[a]n 's/' is generally recognized as an electronic signature." (Id. at 8) (citing L. Civ. R. 5.2, comment 12). Again, Defendant Pressler argues that a fact that existed in the original Complaint is futile. (See Complaint, ECF No. 39-1, at 6, ¶ 32). If Defendant Pressler wishes to raise this same argument in a subsequent, more appropriate motion, it is not precluded from doing so. Nevertheless, the Court will not consider this argument in determining whether to deny Plaintiffs' Motion to Amend on futility grounds because this specific fact appears in the original Complaint.

## 2. <u>Notice</u>

Both Defendants argue that "the information subpoena does not require the notice provided by 15 U.S.C. § 1692e(11) and is a form document that cannot be changed." (Def. Br., ECF No. 65, at 9) (see also Def. Br., ECF No. 64-2, at 12). The original Complaint states, "Exhibit H does not include the notice required by 15 USC 1692e(11), and Exhibit H does not indicate that the document is from a debt collector." (Compl., ECF No. 39-1, at 6, ¶ 39). Plaintiffs' proposed Amended Complaint states, "Exhibit I does not include the notice required by 15 USC 1692e(11), and Exhibit I does not indicate that the document is from a debt collector. Defendants actions in this regard violate 15 USC 1692e; 15 USC 1692e(10); and 15 USC 1692e(11)." (Proposed Amended Complaint, ECF No. 59-2, at 10, ¶ 50).

15

Aside from the different exhibits listed, Plaintiffs' proposed Amended Complaint adds the specific alleged violations of the FDCPA.  The original Complaint, however, specifically alleges violations of all those sections of 15 U.S.C. § 1692, and more.  While it may be repetitive to allege the same violations in more than one section of the proposed Amended Complaint, this Court finds that there is in fact no new information added.

### 3. <u>Language on the Information Subpoena</u>

Additionally, both Defendants take issue with Plaintiffs' assertion that the language on the information subpoena violates several sections of 15 U.S.C. § 1692.  Specifically, Defendants assert that the language was mandatory and therefore, including the specific language is futile. (Def. Br., ECF No. 65, at 11).  The original Complaint states, "Despite the fact that the alleged debt was paid, in or around February 14, 2013, Pressler & Pressler, on behalf of Palisades, sent the Plaintiff an information subpoena demanding information and threatening the Plaintiff that if he does not respond to the subpoena he could be arrested."  (Compl., ECF No. 39-1, at 6, ¶ 31). Plaintiffs' proposed Amended Complaint states,

> Despite the fact that the alleged debt no longer existed, in or around February 14, 2013, Pressler & Pressler, on behalf of Palisades, sent the Plaintiff an information subpoena demanding information and noting that 'FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA MAY RESFULT [sic] IN YOUR ARREST AND INCARCERATION.'  By sending Exhibit I Defendants violated 15 USC 1692e; 15 USC 1692e(2); 15 USC 1692e(3); 15 USC 1692e(4); 15 USC 1692e5; 15 USC 1692e(9); 15 USC 1692e(10); 15 USC 1692f; 15 USC 1692f(1) and 15 USC 1692d2.

(Proposed Amended Complaint, ECF No. 59-2, at 8, ¶ 42).

As previously stated, preexisting claims cannot be attacked on futility grounds in a motion to amend.  The addition of the specific language of the information subpoena is simply the addition of facts, and therefore, is not futile.  In addition, as was the case with several of Plaintiffs' other proposed amendments, the specific mention of alleged violations of 15 U.S.C. § 1692 is simply

repetitive and not a new allegation.  It is merely a restatement of a preexisting claim relocated in the proposed Amended Complaint.

### vi.  **Damages**

Defendant Palisades argues that the Damages section of Plaintiffs' proposed Amended Complaint, (Proposed Amended Complaint, ECF No. 59-2, ¶ 65), "should not be permitted as there is no basis in fact and/or law presented for it and the amendment is therefore futile." (Def. Br., ECF No. 64-2, at 13).  The original Complaint, however, states the following:

> Because of the acts and omissions of Defendants as herein described , amongst other injury, the Plaintiff has suffered: the fear of being arrested; heart failure; mental anxiety; emotional suffering; worry; humiliation; weight gain; sleeplessness; mental distress; physical pain; and other emotional distress; along with pre-litigation costs.  In addition, the Plaintiff will incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary.

(Compl., ECF No. 39-1, at 10, ¶ 74).  Plaintiffs' proposed Amended Complaint removes "worry; humiliation; weight gain; sleeplessness; mental distress; physical pain; and other emotional distress; along with pre-litigation costs." (Id.).  Plaintiffs instead add "medical expenses" to the list of injuries allegedly suffered.  (Proposed Amended Complaint, ECF No. 59-2, at 11, ¶ 65).

Defendant Palisades argues that "the claimed damages are futile because there is absolutely no evidence presented nor can there be any evidence to support these claims as Plaintiff is deceased." (Def. Br., ECF No. 64-2, at 13).  It appears, however, that Defendant Palisades misapplies the standard necessary to deny a motion to dismiss.  Plaintiffs need not present evidence supporting these claims, like Defendants suggest.  Rather Plaintiffs' Complaint must simply "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  It is plausible that Plaintiffs incurred medical expenses due to Defendants

alleged acts or omissions.  As a result, the proposed amendment to include "medical expenses" to the Damages section of Plaintiffs' proposed Amended Complaint is permitted.

### vii.  Factual Findings

In addition, Plaintiffs seek to include factual findings that the Court noted in <u>Bock v. Pressler & Pressler LLP</u>, 2014 U.S. Dist. LEXIS 88367 (D.N.J. June 30, 2014).  Plaintiffs' proposed Amended Complaint states the following:

> The District Court of New Jersey has found that Defendant Pressler & Pressler uses an automated computer process to run their law office, which allows for the creation of legal documents without meaningful attorney review.  (See, [sic] *Bock v. Pressler & Pressler LLP*, 2014 U.S. Dist. LEXIS 88367 (D.N.J. June 30, 2014). Plaintiff incorporates herein the factual findings of the Court in that matter. Plaintiff alleges that Defendant Pressler & Pressler files tens of thousands of lawsuits each year while employing less than 20 attorneys.

(Proposed Amended Complaint, ECF No. 59-2, at 4, ¶ 14).  Federal Rule of Civil Procedure 8(a) requires that Plaintiffs' Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiffs' factual allegations regarding Defendant Pressler's operations will not be stricken from the Amended Complaint.  It is not necessary to decide whether or not <u>Bock v. Pressler & Pressler LLP</u>, 2014 U.S. Dist. LEXIS 88367 (D.N.J. June 30, 2014) will be binding on the parties in this case.  The only issue presently before the Court is whether or not Plaintiffs' proposed amendments are futile under a Rule 12(b)(6) analysis.  The question, therefore, is whether Plaintiffs have alleged sufficient facts for their proposition to sustain their counts.  The allegation that Defendant Pressler "files tens of thousands of lawsuits each year while employing less than 20 attorneys" is just that: a factual allegation.

### viii.  Collecting Money Neither Agreed to Nor Authorized By Law

Finally, Defendant Pressler takes issue with the fact that Plaintiffs assert "the Defendants added money to the amount of judgment that they were not permitted to add."  (Pl. Br., ECF No.

59-1, at 14).  Specifically, Plaintiffs' proposed Amended Complaint states, "[n]ot only did the Plaintiff already resolve the alleged obligation, but the Defendants added amounts to the debt that were never agreed to by the Plaintiff nor authorized by law."  (Proposed Amended Complaint, ECF No. 59-25, at 9, ¶ 45).  Defendant Pressler argues that "[t]his assertion is made without any factual basis as to what the correct balance should be."  (Def. Br., ECF No. 65, at 11).

Defendant Pressler points the Court to the content of the information subpoena, which states, in relevant part,

> JUDGMENT has been entered against you in the Superior Court of New Jersey, Law Division, MONMOUTH County, on January 24, 2008, in the amount of $1,018.24 plus costs, of which $1,300.84 together with interest from January 24, 2008, remains due and unpaid.

(Proposed Amended Complaint, ECF No. 59-2, Exhibit I).

Defendant Pressler notes, "[i]t is not Defendants responsibility to disprove the unsubstantiated claim of Plaintiffs.  Until Plaintiffs can identify *any* amount of 'interest' a 'fee'' or 'charge' that is improper, they have failed to state a claim for relief that there was an attempt to collect money neither agreed to by Plaintiff nor authorized by law."  (Def. Br., ECF No. 65, at 12) (emphasis in original).  This argument may be made during summary judgment or at the trial.  Therefore, this proposed amendment shall be permitted.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs' Motion to Amend, (ECF No. 59), is **GRANTED in part and DENIED in part**.  Plaintiffs' proposed amendment, which seeks to include the Entire Controversy Doctrine as a new legal theory, (Proposed Amended Complaint, ECF No. 59-2, at 6, ¶ 27), is futile, and therefore not permitted.  Plaintiffs' remaining proposed amendments shall

remain in the Amended Complaint.  Plaintiffs shall file a proposed Amended Complaint consistent with this Opinion.  An appropriate form of Order accompanies this Opinion.

_____ s/ Joseph A. Dickson_____
**JOSEPH A. DICKSON, U.S.M.J.**

cc:     Hon. Jose L. Linares, U.S.D.J.