**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BETTY CUOCO and VICTOR CUOCO, SR., <br><br> Plaintiffs, <br><br> v. <br><br> PALISADES COLLECTION, L.L.C. *et al.*, <br><br> Defendants. | Civil Action No.: 13-6592 (JLL) <br><br> **OPINION** |

**LINARES,** District Judge.

This matter comes before the Court on Plaintiffs' appeal of Magistrate Judge Joseph A. Dickson's Opinion and Order denying the portion of Plaintiffs' motion to amend the complaint to add a paragraph ("Paragraph 27") referencing New Jersey's Entire Controversy Doctrine. (*See* ECF Nos. 75 (Opinion (July 31, 2015)), 76 (Order (July 31, 2015)).)   Judge Dickson granted Plaintiffs' other proposed amendments. (*See* Op. at 19-20.)  Defendants did not appeal the decision permitting the other proposed amendments.  This Court has considered the parties' submissions, and Plaintiffs' appeal is resolved without oral argument. Fed. R. Civ. P. 78.   For the reasons stated herein, Magistrate Judge Dickson's decision denying the addition of Paragraph 27 of the Proposed Amended Complaint referencing the Entire Controversy Doctrine is reversed.

## I.   BACKGROUND

Plaintiff Victor Cuoco ("Cuoco") filed his initial complaint against Palisades Collection, L.L.C., and Pressler & Pressler, L.L.P. (a law firm) (collectively "Defendants"), on July 31, 2013 in the District Court for the Southern District of New York, alleging, *inter alia*, multiple

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*See* ECF No. 39.) Cuoco died on September 27, 2013 (*see* ECF No. 15-1 at 1), and his parents, Betty and Victor Cuoco Sr. (collectively "Plaintiffs"), filed a Suggestion of Death on his behalf on October 23, 2013. (ECF No. 8.) On October 24, 2013, the matter was transferred to this Court pursuant to 28 U.S.C. § 1404(a). (ECF No. 10.) On March 11, 2014, the Court granted Plaintiffs' Motion to Substitute Party. (ECF No. 35.)

On December 23, 2014, Plaintiffs filed a motion to amend the original complaint pursuant to Federal Rules of Civil Procedure 15(a). (ECF No. 59-1.) Plaintiffs asserted that "[t]he [a]mended complaint does not allege any additional claims; the amended complaint expands upon and explicates the original claims based on additional information," and removes one claim. (*Id.* at 1-2.) Thus, Plaintiffs asserted that the proposed amendment simply added new factual assertions supporting already pled claims. Defendants opposed the motion to amend.

With one exception (the subject of the present appeal), Judge Dickson agreed with Plaintiffs. Judge Dickson aptly held:

> Both the original Complaint and the proposed Amended Complaint allege that Defendants attempted to collect a settled debt in violation of the FDCPA. This Court notes that all specific violations of the FDCPA alleged in the proposed Amended Complaint were already pled in the original Complaint. Defendant Palisades argues that these claims are "methodical fabrication[s] of fact," and are "simply not true." When considering whether to grant or deny a motion to amend, the Court need not verify the veracity of Plaintiffs' allegations.
>
> Although not many facts were pled in the original Complaint to support the claims asserted, the claims of specific FDCPA violations were included. Plaintiffs seem to be adding facts to bolster those claims. To require Plaintiffs to take those claims out of the proposed Amended Complaint would ignore well established rules of pleadings and motion practice. Any allegations included in Plaintiffs' original Complaint are not reviewable in the context of this Motion. Because these claims were pled in the original Complaint, and Defendants did not move to dismiss them, these amendments *adding facts* are not now futile, and therefore, shall be permitted.

(Op. (ECF No. 75) at 7-8 (internal citations omitted, emphasis added).)   Judge Dickson, however, disagreed with Plaintiffs that the addition of a reference to New Jersey's Entire Controversy Doctrine was appropriate.  Judge Dickson held:

> Plaintiffs misapply the doctrine and attempt to utilize it in an inappropriate fashion. "The entire controversy doctrine is an affirmative defense, waived if not pleaded or otherwise timely raised." The Doctrine bars plaintiffs from asserting claims against defendants that were not asserted in prior litigation involving the same parties. That is, however, not the case here, making the doctrine irrelevant.

(*Id.* at 11 (internal citations omitted).)   As a result, Judge Dickson held that inclusion of reference to the Entire Controversy Doctrine would be futile.   (*Id.* at 19.)   Judge Dickson's analysis of this issue was premised on the assumption that "Plaintiffs seek to amend the Complaint to include *claims* regarding the Entire Controversy Doctrine and New Jersey Rule of Civil Procedure 4:30A, *which Defendants categorize as a new legal theory.*"   (*Id.* at 8 (citing Pls.' Proposed Am. Compl. ¶ 27) (emphasis added).)   Paragraph 27 of the Proposed Amended Complaint—which is the precise paragraph at issue for purpose of this appeal—is included under the heading "IV. *Factual* Allegations;" it is not included in the claims section of the proposed Amended Complaint.   (*See* ECF No. 59-2 (emphasis added).)   The contested paragraph in the factual allegations section of the Proposed Amended Complaint states:

> Pursuant to the Entire Controversy Doctrine, and New Jersey Rule of Civil Procedure 4:30A, Palisades was required to bring any and all claims related to Victor Cuoco's financial obligations for telephone numbers 732-845-5977 or 732-776-6161 in one lawsuit.  Any claims that Verizon/Palisades may have had against Victor Cuoco related to telephone numbers 732-845-5977 or 732-776-6161 that were not alleged in Palisades lawsuit were forfeited.  Through their lawsuit Palisades affirmatively represented that $990.33 was the total amount due by Victor Cuoco for the two telephone numbers, 732-845-5977 or 732-776-6161. Upon entry of judgment in the state lawsuit on September 27, 2007, the entire controversy between Victor Cuoco and Verizon/Palisades, as defined by Palisades in the lawsuit, was for $990.33.

3

(*See id.* ¶ 27.)   The Proposed Amended Complaint includes no legal claim based on the Entire Controversy Doctrine.   (*See id.* ¶¶ 52-64 (causes of action).)   The only causes of action brought by Plaintiffs are for various violations of the FDCPA, which include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2), 1692e(4), 1692e(5), 1692e(10).   (*See id.*)   These sections provide that the following actions if proven violate the FDCPA:

- 1692e(2): "The false representation of—(A) the character, ***amount***, or legal status of any debt . . . ." (emphasis added).

- 1692e(4): "The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person ***unless such action is lawful and the debt collector or creditor intends to take such action.***" (emphasis added).

- 1692e(5): "***The threat to take any action that cannot legally be taken or that is not intended to be taken.***" (emphasis added).

- 1692e(10): "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

In appealing Judge Dickson's decision, Plaintiffs argue that they are not "us[ing] the Entire Controversy Doctrine in an 'inappropriate fashion,'" they assert, rather that the reference to the doctrine is "to illustrate that a state court plaintiff is not permitted to split an alleged debt into portions and then withhold a portion from the state lawsuit." (ECF No. 78-1 (Pls.' Appeal Mem.) at 3-4.)   In short, Plaintiffs argue that the entire amount of the debt related to the two telephone numbers was set by the state judgment, that Defendant Palisades clearly knew that the debt related to the two telephone numbers was settled, that Defendants are precluded from using legal process to collect additional amounts related to the phone numbers at issue in the state

lawsuit, and that Defendants' attempts to collect additional money in the manner they have violates the FDCPA. Defendants oppose Plaintiffs' appeal.

## II. LEGAL STANDARD

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). This Court utilizes varying standards of review when considering a magistrate judge's order depending on the issue on appeal. The district court will only reverse a magistrate judge's decision on non-dispositive matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). The district court, thus, will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. *See Bowen v. Parking Auth. of Camden*, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002. However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed *de novo. See Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("The district court is bound by the clearly erroneous rule in findings of facts; the phrase 'contrary to law' indicates plenary review as to matters of law.").

Against this backdrop, Federal Rule of Civil Procedure 15(a) governs amended complaints. Specifically, Rule 15(a)(2) provides that "court[s] should freely give leave [to amend] when justice so requires." Accordingly, "such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Thus, this Court evaluates claims of futility using the same standard as a Rule 12(b)(6) motion. (*Id.*)

## III.   DISCUSSION

Upon a thorough examination of the record, the Plaintiffs' Proposed Amended Complaint, and the paragraph at issue, this Court determines that Plaintiffs have not attempted to add a new ***claim*** based on the Entire Controversy Doctrine. There is no cause of action related to the Entire Controversy Doctrine in the Proposed Amended Complaint. There is no reference of any kind in Plaintiffs' motion to amend (*see* ECF No. 59-1) to the Entire Controversy Doctrine or New Jersey Rule of Civil Procedure 4:30A as "additional theories of ***liability***" (*see* ECF No. 83-2 (Palisades Appeal Opp'n) at 3 (emphasis added)) for which they seek relief. In responding to Defendants' creative opposition arguments in their reply brief, Plaintiffs do make an argument—among other reasons—that is confusing in the context of the Proposed Amended Complaint and could be read as arguing that the Entire Controversy Doctrine itself barred Defendants' non-litigation-based actions. (*See* ECF No. 67 at 2 ("[T]he Rule is clearly not limited to situations where there is a second lawsuit.").) Judge Dickson declined to reach that particular argument (*see* ECF No. 75 at 10-11), and this Court likewise declines to do so.[1]

---

[1] Aside from this being only one of Plaintiffs' arguments in reply, and not one necessary to reach, this argument in the reply brief simply cannot be read to add a claim to Plaintiffs' Proposed Amended Complaint as parties cannot amend pleadings through briefing. *See Pennsylvania ex rel. v. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). This claim/argument is not in Plaintiffs' proposed amendment.

6

This Court finds that Plaintiffs' proposed Paragraph 27 cannot be analyzed in isolation from the claims that Plaintiffs actually bring under the FDCPA. When read together, this Court finds that the reference to the Entire Controversy Doctrine is relevant as an important link in Plaintiffs' alleged factual story, which at this stage is accepted as pleaded.

The heart of many of Plaintiffs' claims is that the debt that was owed on the two phone numbers at issue after the judgment in the New Jersey Palisades' lawsuit was $990.33, that that judgment debt was subsequently settled, and that no amount was owed after the point of settlement. Defendants argue that there were bills for the two phone numbers that exceeded this amount and/or for "other accounts Plaintiff had with Verizon unrelated to the underlying State Court Action," and that Defendants had a right to attempt to collect those amounts, and that the Entire Controversy Doctrine is irrelevant because they did not file a second lawsuit against Plaintiffs. (*See, e.g.*, ECF No. 83-2 (Palisades Appeal Opp'n) at 4, 9-10.)

The reference to the Entire Controversy doctrine in Paragraph 27 is Plaintiffs' explanation for *why* they believe the amount of the debt was $990.33, and then one reason *why* subsequent payments could only reasonably have been applied toward that judgment, settling all amounts owed. By analogy, it would be similar to a plaintiff pleading that he only owed $990 because the rest of his debt had been discharged in bankruptcy. Or, it would be similar to pleading that a state statute denying the filing of a lawsuit within a certain period of time was relevant to a FDCPA claim that an attorney improperly threatened legal action within that time frame that he could not or did not intend to take because of the underlying state law. *See Crossley v. Lieberman*, 868 F.2d 566, 570-71 (3d Cir. 1989) ("Lieberman's letter also threatened to take action 'within one week' of the date of the letter unless payment was made in full. As an

experienced foreclosure attorney, Lieberman knew that because of Act 6 [of the Pennsylvania statutes] he was not permitted to institute suit within one week. Thus, he really had no intention to do so."). Alleging such facts does not make them so, it simply is the reason a plaintiff could offer to explain the amount of an alleged debt, that the debt was settled and/or extinguished, and/or his belief that there was no basis for legal action or action at that time related to the debt.

More importantly, for FDCPA claims—which are the claims Plaintiffs are bringing—it does not make the Entire Controversy Doctrine irrelevant simply because Defendants did not bring a second lawsuit to try to collect additional amounts. FDCPA claims are viewed from the perspective of the "least sophisticated debtor." *See Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011); *see also Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir.2008) ("'A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'") (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006)). And, what matters for FDCPA claims is if Defendants did not have the right to engage in legal process but attempted to collect debt by stating or implying to Plaintiffs that they did, or even if they stated or implied they could take legal action but had no intention of actually doing so (even if they did have such right). *See, e.g., Lesher*, 650 F.3d at 1003 (misleading "to raise specter of potential legal action" even where a disclaimer stated that the law firm was acting solely as a debt collector, and not sending the letters in a legal capacity); *Brown*, 464 F.3d at 454-55 (deceptive under FDCPA, if proven, to assert that action *could* be taken if it had no intention of doing so); *Crossley*, 868 F.2d at 571 (because of state law attorney knew he could not take certain legal action during a certain time period).

8

Defendant Palisades admits that the Entire Controversy Doctrine "requires that a party assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the amended claims against that party." (ECF No. 64-2 (Palisades Mot. to Amend Opp'n) at 9-10 (quoting *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008)).) Thus, the question for the FDCPA claims is not whether Defendants actually brought a second lawsuit but whether Defendants could have used legal process to collect additional amounts from Plaintiffs and/or whether Defendants had any intention of doing so given the prior lawsuit compared to what they communicated to Plaintiffs or the actions they took in relation to Plaintiffs.

Plaintiffs are alleging that the lawsuit and judgment against Cuoco in New Jersey state court determined the entire amount due from him and precluded further legal process for additional amounts against him related to the two telephone numbers at issue in the lawsuit. Plaintiffs are claiming that, because Defendants were allegedly barred from bringing further legal process against them, Defendants' other actions violated the FDCPA. For example, Plaintiffs allege that, after the alleged settlement, "Defendants continued to telephone Plaintiff in an attempt to collect money," and that "[a]ny attempt to collect the alleged debt after the Plaintiff settled the debts in March 2008 violated 15 USC 1692e; 15 USC 1692e(2); 15 USC 1692e(5); 15 USC 1692e(10); 15 USC 1692f; 15 USC 1692f(1) and 15 USC 1692d." (ECF No. 59-2 ¶ 36.) They also allege that, after the alleged settlement date, Defendant "attempted to garnish [Cuoco's] wages." (*Id.* ¶ 40.) Related to this, they allege (and attach the notice) that Cuoco was directed to appear in Court for a "wage execution hearing," that he "went to Court to stop the wage garnishment," and Defendants did not appear at the hearing. (*Id.* ¶ 41 and Ex. H (attaching

9

June 09, 2008 notice of hearing).)   They also allege that "Pressler & Pressler, on behalf of Palisades," sent Plaintiff an information subpoena in 2013 that threatened "arrest and incarceration" for failure to comply. (*Id.* ¶ 42.)[2]

Thus, Paragraph 27 which references the Entire Controversy Doctrine is not meant as or would be permitted to be used by Plaintiffs as a new claim or a new legal theory of liability as Defendants attempt to frame it, but the Court will simply allow the factual amendment to the complaint as further explanation of other factual allegations made by Plaintiffs. (*See, e.g.,* ECF No. 59-2 ¶¶ 25 ("Any and all claims Palisades had against Victor Cuoco based upon his Verizon telephone service for the two phone numbers were included and merged into the $990.33 judgment that Palisades obtained against Victor Cuoco."), 26 ("Any and all claims that were or could have been litigated in Palisades' lawsuit against Victor Cuoco were merged into the Judgment Palisades obtained.").)   As such, for the same reasons that Judge Dickson permitted Plaintiffs' other proposed amendments, Paragraph 27 is also permitted.

## IV.   CONCLUSION

For the reasons set forth above, Magistrate Judge Dickson's decision (ECF Nos. 75 and 76) denying inclusion of Paragraph 27 of the Proposed Amended Complaint (ECF No. 59-2) is vacated.  Given this Court's decision in conjunction with Judge Dickson's decision accepting all other proposed amendments, this Court grants the amendment as proposed in ECF No. 59-2.

---

[2] Defendant Pressler & Pressler also argues in opposition to Plaintiffs' appeal that if Plaintiffs' merger theory is correct, "Plaintiff has pled no facts in his proposed amended complaint to even suggest Pressler had involvement in the settlement between Plaintiff and Plaza Associates. Thus if the Court accepts Plaintiff's theory, it remains that any reference to the ECD is futile as to Defendant Pressler." (ECF No. 84 (Pressler Appeal Opp'n) at 7-8.)  This Court disagrees. Plaintiffs' allegations, which are accepted as true at this stage, include actions by Defendant Pressler in attempting to collect money that Plaintiffs allege was not owed in ways in which

DATED:  October 1, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

---

Plaintiffs alleges were improper under the FDCPA.

11